CITY OF ADRIAN v STATE OF MICHIGAN

Docket No. 63454. Submitted December 14, 1982, at Lansing.—Decided March 9, 1983. Leave to appeal applied for.

Plaintiffs, City of Adrian, and others, brought an action in the Court of Claims against defendants, the State of Michigan, and others, seeking a monetary judgment reimbursing the plaintiffs for their costs incurred as a result of their compliance with a statute requiring the plaintiffs to pay overtime compensation to the fire fighters employed by them. The Michigan State Fire Fighters Union, and others, were added as intervening defendants. The trial court, Thomas L. Brown, J., thereafter granted the defendants' motion for summary judgment and issued an order to that effect. Plaintiffs appeal from that order alleging that the Court of Claims erred by ruling that it did not have jurisdiction to award plaintiffs a monetary judgment. *Held:*

1. The Court of Claims does not have jurisdiction to issue a writ of mandamus.

2. The Court of Claims should have issued a monetary award.

3. Since the Legislature failed to appropriate funds for satisfying the state's obligation under MCL 408.384a(7); MSA 17.288(4a)(7), a monetary award can be satisfied out of the funds appropriated for the purpose of satisfying judgments of the Court of Claims, or by any other remedy a judgment creditor may pursue.

4. Remanded for a determination of the monetary award that plaintiff's should receive.

Remanded.

1. MANDAMUS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims does not have jurisdiction to issue a writ of mandamus (MCL 600.4401[1]; MSA 27A.4401[1]; GCR 1963, 714.1).

2. JUDGMENTS — COURT OF CLAIMS — MONEY JUDGMENTS.

The Court of Claims may issue a monetary award to a plaintiff to be satisfied out of the funds appropriated for the purpose of

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 307 *et seq.*
[2] 46 Am Jur 2d, Judgments § 449.

satisfying judgments of the Court of Claims or by any other remedy a judgment creditor may pursue where the plaintiff has sued the state alleging that the Legislature has failed to appropriate funds to satisfy the state's obligation to the plaintiff under a statute mandating that the state reimburse the plaintiff for funds expended in compliance with the statute (MCL 408.384a[7], 600.6458; MSA 17.255[4a][7], 27A.6458).

Brown, Colman & DeMent, P.C. (by Loyal A. Eldridge and Kevin M. McCarthy), for plaintiffs.

Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Charles F. Keeley, Assistant Attorney General, for defendants.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK, J. Plaintiffs appeal from an order entered on March 18, 1982, in the Court of Claims granting defendants' motion for summary judgment. Plaintiffs appeal as a matter of right. Plaintiffs filed a complaint against defendants in the Court of Claims on September 30, 1980. In count I, plaintiffs alleged that prior to the enactment of 1978 PA 604, MCL 408.384a; MSA 17.255(4a), as amended, which became effective January 4, 1979, there was no requirement that plaintiffs pay overtime compensation to the fire fighters employed by them. Starting on January 4, 1979, plaintiffs were required to pay fire fighters overtime compensation at the rate of 1-1/2 times regular pay for all hours worked in excess of 216 hours in a work period of 28 consecutive days. Plaintiffs alleged that 1978 PA 604 mandated that the state reimburse plaintiffs for any overtime compensation plaintiffs were required to pay their fire fighters by reason of its enactment. Plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged that the Michigan Legislature had not appropriated any funds as required by the statute, and the Governor had not submitted an appropriation bill to the Legislature to cover such reimbursement. Plaintiffs had demanded reimbursement from the State Treasurer, but their request was denied. Plaintiffs therefore requested a monetary judgment reimbursing them for their costs incurred as a result of their compliance with 1978 PA 604. Defendants filed an answer on October 21, 1980. The intervening defendants filed an answer on November 3, 1980.

On October 28, 1980, plaintiffs moved for summary judgment pursuant to GCR 1963, 117.2, subds (2) and (3). On December 4, 1980, the intervening defendants moved for summary judgment pursuant to GCR 1963, 117.2(3). On February 18, 1981, defendants moved for summary judgment pursuant to GCR 1963, 117.2(1), and accelerated judgment under GCR 1963, 116.1(2).

The court issued an opinion on January 12, 1982, and an order reflecting the provisions of the opinion was entered on March 18, 1982. The order stated:

"1. The court hereby determines and declares that prior to the enactment of 1978 PA 604; MCL 408.384a; MSA 17.255(4a), as amended, there was no existing law requiring plaintiffs to pay overtime compensation to their employees engaged in fire protection activities.

"2. The court hereby determines and declares that as of January 4, 1979, pursuant to 1978 PA 604, plaintiffs became required to provide overtime compensation to their employees engaged in fire protection activities.

"3. The court hereby determines and declares that pursuant to § 4a(7) of 1978 PA 604; MCL 408.384a(7); MSA 17.255(4a)(7), the State of Michigan is required to reimburse the plaintiffs for all additional costs imposed upon plaintiffs by the enactment of 1978 PA 604 for

overtime payments to employees engaged in fire protection activities.

"4. Plaintiffs' prayer for the entry of a money judgment, reimbursing them for the costs incurred as a result of their compliance with Act 604, is hereby denied.

"5. Defendants' motion for summary judgment as to count II of plaintiffs' complaint is hereby granted."

The court denied plaintiffs' claim for a monetary judgment by reasoning that:

"Plaintiffs do not seek a writ of mandamus but a money judgment for reimbursement of costs pursuant to subsection 7 of 1978 PA 604. Such a remedy, if granted, would have the same effect as a writ of mandamus in enforcing this subsection. Plaintiffs' suggested remedy is merely a different route to an action for mandamus which this court lacks jurisdiction to grant."

On appeal, plaintiffs contend that the Court of Claims erred by ruling that it did not have jurisdiction to award plaintiffs a monetary judgment. The court reasoned that an award of monetary damages would have the same effect as a writ of mandamus in enforcing the statute. The Court of Claims does not have jurisdiction to issue a writ of mandamus. See GCR 1963, 714.1; MCL 600.4401(1); MSA 27A.4401(1); *Waterford School Dist v State Bd of Ed,* 98 Mich App 658, 664-667; 296 NW2d 328 (1980).

The court ruled that it did not have the authority to order the State Treasurer to pay unappropriated funds from the state treasury or to require the Governor to submit an appropriations bill to the Legislature under Michigan Const 1963, art 5, § 18. However, the Court of Claims could have issued a monetary award and MCL 600.6458; MSA 27A.6458 could have been utilized. Since the Legis-

lature failed to appropriate funds for satisfying the state's obligation under MCL 408.384a(7); MSA 17.255(4a)(7), a monetary award can be satisfied out of the funds appropriated for the purpose of satisfying judgments of the Court of Claims, see 1981 PA 30, §§ 1 and 71, or by any other remedy a judgment creditor may pursue. The Court of Claims erred by denying plaintiffs a monetary award. This case is remanded to the Court of Claims for a determination of the monetary award that plaintiffs should receive.

Remanded.