CITY OF ADRIAN v STATE OF MICHIGAN

Docket No. 71739. Argued October 2, 1984 (Calendar No. 6).—Decided
December 28, 1984. Released January 17, 1985.

The City of Adrian and twenty-two other Michigan cities brought
an action in the Court of Claims against the State of Michigan
and certain state officers and departments, seeking reimburse-
ment for overtime compensation paid to fire fighters as re-
quired by the Minimum Wage Law. The court, Thomas L.
Brown, J., declared that the state is required to reimburse the
plaintiffs, but granted the defendants' motion for accelerated
judgment on the ground that it did not have jurisdiction to
enter a money judgment for the plaintiffs. The Court of Ap-
peals, R. M. Maher, P.J., and D. E. Holbrook, Jr., and Marutiak,
JJ., reversed and remanded to the Court of Claims for a
determination of the money award (Docket No. 63454). The
defendants appeal.

In a unanimous opinion by Justice Ryan, the Supreme Court
*held:*

The Court of Claims has jurisdiction to enter a money
judgment for the plaintiffs.

Although the Court of Claims held that plaintiffs were enti-
tled to reimbursement from the state pursuant to § 7 of the
Minimum Wage Law, it refused to grant plaintiffs a money
judgment because it reasoned that such a judgment would be
the equivalent of a writ of mandamus, which it has no jurisdic-
tion to grant. Since no funds had been appropriated to reim-
burse plaintiffs at the time of the Court of Claims decision, it
concluded that the entry of a money judgment to reimburse
plaintiffs would have the effect of compelling such appropria-
tions. However, the enforcement of a money judgment pursuant
to the Court of Claims Act compels neither an appropriation
nor the payment of unappropriated funds.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 33.
48A Am Jur 2d, Labor and Labor Relations § 2564.
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions § 262.

124 Mich App 72; 333 NW2d 582 (1983) affirmed.

JUDGMENT — COURT OF CLAIMS — MONEY JUDGMENTS.

The Court of Claims has jurisdiction under the Court of Claims Act to enter a money judgment in an action seeking reimbursement of overtime compensation paid by municipalities to their fire fighters under the Minimum Wage Law (MCL 408.384a, 600.6458; MSA 17.255[4a], 27A.6458).

*Brown, Colman & DeMent, P.C.* (by *Kevin M. McCarthy),* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James D. Mueller* and *Thomas L. Casey,* Assistant Attorneys General, for the defendants.

RYAN, J. In this case, we must determine whether plaintiffs, 23 Michigan cities,[1] are entitled to a money judgment based upon the state's failure to fully reimburse plaintiffs for overtime compensation paid to their fire fighters pursuant to the Minimum Wage Law of 1964, as amended by 1978 PA 604, MCL 408.384a; MSA 17.255(4a).[2] We hold that such a money judgment may enter. We

[1] Plaintiffs are the following cities:

City of Adrian, City of Alpena, City of Battle Creek, City of Berkley, City of East Grand Rapids, City of Grand Haven, City of Inkster, City of Ishpeming, City of Jackson, City of Kalamazoo, City of Livonia, City of Madison Heights, City of Mt. Clemens, City of Mt. Pleasant, City of Plymouth, City of Pontiac, City of Niles, City of Royal Oak, City of St. Clair Shores, City of St. Joseph, City of Taylor, City of Traverse City, and City of Wayne.

[2] The pertinent provisions of MCL 408.384a; MSA 17.255(4a) state:

"(1) Except as otherwise provided in this section, an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours.

"(2) The state or a political subdivision, agency, or instrumentality of the state shall not be considered to have violated subsection (1) with respect to the employment of an employee in fire protection activities or an employee in law enforcement activities, including security personnel in correctional institutions, if any of the following applies:

"(a) In a work period of 28 consecutive days, the employee receives

therefore affirm the Court of Appeals decision and remand to the Court of Claims for a determination of plaintiffs' monetary award.

On September 30, 1980, plaintiffs filed this action in the Court of Claims against the State of Michigan and several of its officers and departments. The complaint alleges that since January 4, 1979,[3] the plaintiffs have been required to pay their fire fighters overtime wages for all hours worked in excess of 216 hours in a work period of 28 consecutive days, pursuant to MCL 408.384a(2); MSA 17.255(4a)(2). The complaint further alleges that plaintiffs are entitled to a money judgment of reimbursement from the state, pursuant to MCL 408.384a(7); MSA 17.255(4a)(7), for the costs incurred as a result of complying with MCL 408.384a(2); MSA 17.255(4a)(2).[4] Defendants' answer denied, *inter alia,* that reimbursement was required by the statute.

On October 28, 1980, plaintiffs moved for sum-

for tours of duty, which in the aggregate exceed 216 hours, compensation for those hours in excess of 216 at a rate not less than 1-1/2 times the regular rate at which the employee is employed, which rate shall be not less than the statutory minimum hourly rate.

* * *

"(7) The legislature shall annually appropriate from the general fund to each political subdivision affected by subsection (2) an amount equal to the difference in direct labor costs before and after the effective date of subsection (2) which arises from any change in existing law resulting from the enactment of subsection (2) and incurred by each such political subdivision."

[3] The effective date of MCL 408.384a; MSA 17.255(4a).

[4] Plaintiffs also requested, *inter alia,* a judgment declaring that before January 4, 1979, there were no statutory requirements that plaintiffs pay overtime compensation to their fire fighters, a judgment declaring that the Governor is required to submit an appropriations bill to reimburse plaintiffs, and a restraining order preventing the state from enforcing MCL 408.384a(2); MSA 17.255(4a)(2) pending resolution of the case. In Count II of the complaint, plaintiffs requested a determination that MCL 408.384a; MSA 17.255(4a) violates the Headlee Amendment, Const 1963, art 9, §§ 25, 29 and an injunction against enforcement of the statute until reimbursement is provided pursuant to the Headlee Amendment.

mary judgment. On February 18, 1981, defendants moved for summary judgment and for accelerated judgment. The matter was heard before the Court of Claims on March 11, 1981. In an opinion filed on January 12, 1982,[5] the Court of Claims discussed plaintiffs' claim based on MCL 408.384a(7); MSA 17.255(4a)(7), which provides:

"The legislature shall annually appropriate from the general fund to each political subdivision affected by subsection (2) an amount equal to the difference in direct labor costs before and after the effective date of subsection (2) which arises from any change in existing law resulting from the enactment of subsection (2) and incurred by each such political subdivision."

The Court of Claims noted that subsection 7 is not self-executing, but requires legislative action. It reasoned that, in order to reimburse plaintiffs under subsection 7, an order would have to issue

[5] Much of the Court of Claims opinion was devoted to determining whether, prior to the enactment of 1978 PA 604, MCL 408.384a; MSA 17.255(4a), there was any "existing law" requiring plaintiffs to pay overtime compensation to their fire fighters. The Court of Claims determined that there were no such requirements prior to January 4, 1979, the effective date of 1978 PA 604, and the state has not appealed this ruling. The Court of Claims also rejected plaintiffs' claim under the Headlee Amendment, finding that overtime compensation for fire fighters was "[t]he provision of a benefit for, or the protection of, public employees of a local unit of government," and therefore was excluded from the definitions of "activity" and "service" under the statutes enacted to implement the Headlee Amendment. MCL 21.232(1); MSA 5.3194(602)(1), MCL 21.234(1); MSA 5.3194(604). Plaintiffs have not appealed the Court of Claims rejection of their Headlee Amendment claim.

The Court of Claims also held that it had jurisdiction to enter a declaratory judgment, citing our decision in *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172; 261 NW2d 718 (1978), and the Court of Appeals decision in *Grunow v Sanders,* 84 Mich App 578; 269 NW2d 683 (1978). In *Greenfield, supra,* p 198, fn 10, we expressly declined to decide whether the Court of Claims is empowered to render declaratory judgments, as that question was not at issue in *Greenfield.* Similarly, the question is not properly before us in the instant case, as the state has not raised it on appeal. Therefore, we do not decide in this case whether the Court of Claims has such jurisdiction.

requiring the State Treasurer to pay out unappropriated funds, or compelling the Governor to submit an appropriations bill. The Court of Claims concluded:

"Plaintiffs do not seek a writ of mandamus but a money judgment for reimbursement of costs pursuant to Subsection 7 of 1978 PA 604. *Such a remedy, if granted, would have the same effect as a writ of mandamus in enforcing this subsection.* Plaintiffs' suggested remedy is merely a different route to an action for mandamus which this Court lacks jurisdiction to grant." (Emphasis added.)[6]

The court, therefore, granted the state's motion for accelerated judgment on this issue. The Court of Claims order, entered March 17, 1982, provides:

"1. The Court hereby determines and declares that prior to the enactment of 1978 PA 604, MCLA § 408.384a; MSA § 17.255(4a), as amended, there was no existing law requiring Plaintiffs to pay overtime compensation to their employees engaged in fire protection activities.

"2. The Court hereby determines and declares that as of January 4, 1979, pursuant to 1978 PA 604, Plaintiffs became required to provide overtime compensation to their employees engaged in fire protection activities.

"3. The Court hereby determines and declares that pursuant to § 4a(7) of 1978 PA 604, MCLA § 408.384a(7); MSA § 17.255(4a)(7), the State of Michigan is required to reimburse the Plaintiffs for all additional costs imposed upon Plaintiffs by the enactment of 1978 PA 604

[6] In determining that it was without jurisdiction to grant a writ of mandamus, the Court of Claims stated:

"According to GCR 1963, 714.1(1) all actions for mandamus against state officials must be sought in the Court of Appeals. *Biff's Grills, Inc v State Highway Comm,* 75 Mich App 154, 158-159; 254 NW2d 824 (1977) * * *. And pursuant to § 4401 of RJA, MCL 600.4401; MSA 27A.4401, such relief must be sought in either the Court of Appeals or the Circuit Court. *Waterford Schools v State Board of Education,* 98 Mich App 658, 664-665; 296 NW2d 328 (1980)."

for overtime payments to employees engaged in fire protection activities.

"4. Plaintiffs' prayer for the entry of a money Judgment, reimbursing them for the costs incurred as a result of their compliance with Act 604, is hereby denied.

"5. Defendants' Motion for Summary Judgment as to Count II [Headlee Amendment] of Plaintiffs' Complaint is hereby granted."

Plaintiffs appealed the Court of Claims ruling that it had no jurisdiction to enter a money judgment for plaintiffs. The state did not cross-appeal the declaratory ruling that the state is required to reimburse plaintiffs.[7] The Court of Appeals reversed and remanded to the Court of Claims "for a determination of the monetary award that plaintiffs should receive." *City of Adrian v Michigan,* 124 Mich App 72, 76; 333 NW2d 582 (1983). The Court of Appeals reasoned as follows:

"The Court [of Claims] ruled that it did not have the authority to order the State Treasurer to pay unappropriated funds from the state treasury or to require the Governor to submit an appropriations bill to the Legislature under Michigan Const 1963, art 5, § 18. However, the Court of Claims could have issued a monetary award and MCL 600.6458; MSA 27A.6458 could have been utilized. Since the Legislature failed to appropriate funds for satisfying the state's obligation under MCL 408.384a(7); MSA 17.255(4a)(7), a monetary award can be satisfied out of the funds appropriated for the purpose of satisfying judgments of the Court of Claims, see 1981 PA 30, §§ 1 and 71, or any other remedy a

---

[7] The state's Court of Appeals brief states: "Appellees have not appealed those portions of the Court of Claims order granting declaratory relief to the appellants."

In its brief submitted to this Court, the state declares: "Defendants have maintained that [the Court of Claims] legal conclusion is erroneous as a matter of statutory interpretation, but because the court's order was merely declaratory in nature and did not order any action, no appeal was taken."

judgment creditor may pursue. The Court of Claims erred by denying plaintiffs a monetary award." *City of Adrian, supra,* pp 75-76.

We granted defendants' application for leave to appeal. 418 Mich 954 (1984).

At the time plaintiffs filed their complaint, the Legislature had not appropriated any funds for the purpose of reimbursing plaintiffs or other municipalities with similar claims. Beginning in 1982, however, and for each of the fiscal years 1982-83, 1983-84, and 1984-85, the Legislature has appropriated funds for this purpose.[8] However, these appropriations have resulted in only partial reimbursement to the plaintiff cities, which claim they are still owed approximately $650,000.[9]

The state argues that MCL 408.384a(7); MSA 17.255(4a)(7) (hereinafter § 7) is not an appropriation, but merely an authorization, or intention to appropriate. It contends that § 7 creates only a political obligation, not a legal duty, and that

[8] In 1982, $205,000 was appropriated specifically to reimburse the plaintiff cities in this case. 1982 PA 281, §§ 1, 72. In 1983, $600,000 was appropriated, $250,000 of which was designated as "continued partial reimbursement" to the plaintiff cities, and the remainder was to be "distributed as partial reimbursement to other political subdivisions that are entitled to reimbursement." 1983 PA 170, §§ 1, 76. The 1983 appropriations bill also directed the Department of Management and Budget to "conduct a survey to determine the amount of reimbursement for overtime payments due to each local government that is entitled to reimbursement," which was to be completed by November 1, 1983. 1983 PA 170, § 76(3). The most recent appropriation, enacted in October, 1984, appropriates another $600,000 to reimburse all political subdivisions for overtime payments made to their fire fighters pursuant to MCL 408.384a(2). 1984 PA 222, §§ 1, 85. Subsection 3 of 1984 PA 222, § 85, also declares "the intent of the legislature that there shall be appropriated an amount equal to $1,200,000 in each of the state fiscal years 1985, 1986, and 1987 in order to reimburse political subdivisions in full for fire fighter overtime costs incurred for the period beginning on January 4, 1979, and ending on the final day of the political subdivision's fiscal year ending prior to October 1, 1986." 1984 PA 222, § 85(3).

[9] This was the figure stated by plaintiffs' attorney at oral argument on October 1, 1984.

judicial enforcement of § 7 would be an unconstitutional interference with the appropriations process. Const 1963, art 9, § 17. Therefore, the state contends, the Court of Claims correctly held that it could not enter a money judgment for plaintiffs in this case. Alternatively, the state argues that, assuming a money judgment can be entered, it can be enforced only pursuant to MCL 600.6458; MSA 27A.6458, the statutory enforcement procedure for Court of Claims judgments,[10] and not through "any other remedy a judgment creditor may pursue," as

[10] MCL 600.6458; MSA 27A.6458 provides:

"(1) In rendering any judgment against the state, or any department, commission, board, institution, arm or agency thereof, the court shall determine and specify in such judgment the department, commission, board, institution, arm or agency from whose appropriation such judgment shall be paid.

"(2) Upon any judgment against the state or any department, commission, board, institution, arm or agency thereof becoming final, or upon allowance of any claim by the state administrative board and upon certification thereof by the secretary of the state administrative board to the clerk of the court of claims, he, the clerk of the court shall certify to the auditor general the fact that such judgment was entered or that such claim was allowed and the same shall thereupon be paid from the unencumbered appropriation of the department, commission, board, institution, arm or agency: Provided, however, That the auditor general determines the funds therein are sufficient for such payment. In the event that funds are not available to pay any such judgment or allowed claim, the auditor general shall instruct the clerk of the court of claims to issue a voucher against an appropriation made by the legislature for the payment of judgment claims and allowed claims. In the event that funds are not available to pay any such judgment or allowed claim, such fact, together with the name of the claimant, date of judgment, date of allowance of claim by the state administrative board and amount thereof shall be reported to the legislature at its next session, and said judgment or allowed claim shall be paid as soon as moneys are available for such purpose. The clerk shall not certify any judgment to the auditor general until the period for appeal from such judgment shall have expired, unless written stipulation between the attorney general and the claimant or his attorney, waiving any right of appeal or new trial, is filed with the clerk of the court.

"(3) The clerk shall approve vouchers under the direction of the court for the payment of the several judgments rendered by said court. All warrants issued in satisfaction of said judgments shall be transmitted to the clerk for distribution; and all warrants issued in satisfaction of claims allowed by the state administrative board shall be transmitted to the secretary of said board for distribution."

the Court of Appeals held. *City of Adrian, supra,* p 76.

Conversely, plaintiffs contend that § 7 sets forth a continuing legal obligation of the state to reimburse them for overtime payments made to their fire fighters since January 4, 1979. In response to defendants' argument that § 7 does not create a legal duty, plaintiffs argue that defendants are bound by the Court of Claims ruling on this point, as the state did not appeal it to the Court of Appeals. Plaintiffs dispute defendants' contention that granting a money judgment in this case will unconstitutionally interfere with the appropriations process. Plaintiffs stress that they are not requesting an order directing the Legislature to appropriate any money, but are merely requesting that the Court of Claims enter a judgment in the amount which the state is required to reimburse them. This money judgment, plaintiffs contend, would then be enforced in the same manner as any other Court of Claims judgment, following the procedure set forth in MCL 600.6458; MSA 27A.6458.[11] Since this procedure in no way compels

[11] See fn 10.

Plaintiffs note that the state budgets for 1984 as well as the three preceding fiscal years contain an appropriation of $706,000 for "continuing statutory authorizations." 1984 PA 222, §§ 1, 78; 1983 PA 170, §§ 1, 67; 1982 PA 281, §§ 1, 68; 1981 PA 30, §§ 1, 71. The stated purpose of this annual appropriation is the same for 1981-1984:

"The $706,000 appropriated in § 1 for continuing statutory authorizations shall be used only for the following purposes: * * * payments of court judgments authorized by * * * chapter 64 of Act No. 236 of the Public Acts of 1961, as amended, being sections 600.6401 to 600.6475 of the Michigan Compiled Laws." 1981 PA 30, § 71; 1982 PA 281, § 68; 1983 PA 170, § 67; 1984 PA 222, § 78.

Under MCL 600.6458; MSA 27A.6458, if there are no available funds in the department or agency from whose appropriation a Court of Claims judgment is to be paid, then a voucher is issued against the $706,000 appropriation for continuing statutory authorizations. If no funds are available from this appropriation, the details of the judgment are reported to the Legislature at its next session, "and said judgment * * * shall be paid as soon as moneys are available for such purpose." MCL 600.6458(2); MSA 27A.6458(2).

the Legislature to appropriate money to pay Court of Claims judgments, nor does it compel the payment of unappropriated monies, it cannot be said to interfere with the Legislature's constitutional prerogative to control the appropriations process.

The Court of Claims made the following ruling in this case:

"The Court hereby determines and declares that pursuant to § 4a(7) of 1978 PA 604; MCLA 408.384a(7); MSA 17.255(4a)(7), the State of Michigan is required to reimburse the Plaintiffs for all additional costs imposed upon Plaintiffs by the enactment of 1978 PA 604 for overtime payments to employees engaged in fire protection activities."

No appeal was taken from this declaratory ruling. However, the state now argues that § 7 does not impose a legal obligation on the state because it merely indicates an intent or desire to appropriate funds in the future for the stated purpose.[12] We hold that this argument is waived because the

---

[12] In support of its argument that § 7 is a mere authorization, or intention to appropriate, the state relies on our decision in *Oakland Bd of Ed v Superintendent of Public Instruction,* 392 Mich 613; 221 NW2d 345 (1974). In *Oakland,* a school district sought a writ of mandamus to compel the payment of sums of money allegedly appropriated in the 1970 amendments to the school aid act. The purported appropriation provision contained in the 1970 amendment was revised in 1971, as part of the appropriation process for the 1971-72 fiscal year. The Governor vetoed the 1971 amendment, however, and disapproved the $400,000 appropriation contained therein. The plaintiff school board then sought an order compelling the Superintendent of Public Instruction to distribute its share of the funds it contended had been appropriated by the 1970 amendment. We declined to construe this amendment as an actual appropriation, but rather construed it as an authorization, or intention to appropriate. Our reasoning follows:

"Although the Michigan Legislature may at times place authorization provisions and appropriation provisions in the same bill, we believe that any provision that does not take initial effect during the ensuing fiscal year is intended to function only as an authorization— an intention to appropriate. The dynamics of the budget change from year to year on the basis of the revenues derived and the expenditures required by the people of Michigan. Responsible fiscal policy

state failed to appeal that portion of the Court of Claims judgment quoted above. *Glass v Drieborg,* 296 Mich 30, 33; 295 NW 547 (1941); *Long v Pettinato,* 394 Mich 343, 349; 230 NW2d 550 (1975).

The state also argues that the entry of a money judgment for plaintiffs will unconstitutionally in-

consequently also requires a yearly reassessment of revenues, spending goals and priorities.

"The Michigan Constitution of 1963 brought to this state new measures designed to require an annual review of the budget and to provide for annual fiscal accountability in both the legislative and executive branches. See, Const 1963, art 4, § 31 and art 5, § 18 and the 'Convention Comment' accompanying each section. To construe 1970 PA 100, § 16a(5) as urged by appellee would violate the spirit if not the letter of these constitutional provisions. The Legislature would be, in effect, appropriating in advance of its ability to accurately forecast available revenues and would thereby be unable to match revenue with appropriations as required by Const 1963, art 4, § 31. In addition, such prospective appropriations would force the Governor to approve or veto the expenditure far in advance of his ability to assess the fiscal needs of the state. See generally, Const 1963, art 5, §§ 18 and 19. We do not believe that the Legislature intended either of these results.

"In sum, we believe that the most reasonable construction that can be made of the legislative intent behind the enactment of 1970 PA 100, § 16a(5) is to find that this section expressed only a desire to appropriate in the future. This construction avoids any conflict with the constitutional requirements binding upon both the Legislature and the Governor, and, in our opinion, furthers the comity between these two branches that is necessary for the responsible functioning of the state government." *Oakland, supra,* pp 620-621.

We therefore denied plaintiff's request for mandamus.

Unlike the school board in the *Oakland* case, plaintiffs in this case do not argue that § 7 effects an appropriation. Nor do they seek an order compelling the Legislature to appropriate any funds. We fail to see how the constitutional budgeting and appropriation provisions, upon which our *Oakland* decision was based, are implicated in the case before us. The Court of Claims has ruled that the Legislature, pursuant to § 7, is required to reimburse plaintiffs for the costs they have incurred as a result of complying with § 1. The state has not appealed this ruling. Even if it had, such a construction of § 7 does not require the Legislature to appropriate "in advance of its ability to accurately forecast available revenues," *Oakland, supra,* p 621, because the entry of a money judgment in this case will not compel any appropriations whatsoever. Because the rationale of the *Oakland* decision is not applicable to the facts before us, we do not view that decision as determinative.

terfere with the appropriations process and will therefore result in a violation of the separation of powers doctrine. Const 1963, art 3, § 2; art 9, § 17; art 5, § 18; art 4, § 31. This argument is without merit because it misperceives the nature of the relief plaintiffs seek. Plaintiffs are not asking this Court to order or compel the Legislature to appropriate any monies, but are merely requesting a money judgment which can then be enforced pursuant to the Court of Claims Act, specifically MCL 600.6458; MSA 27A.6458. The plaintiffs correctly contend that the enforcement mechanism set forth in MCL 600.6458; MSA 27A.6458 for the payment of Court of Claims judgments in no way compels an appropriation, nor the payment of unappropriated funds. We therefore reject the state's contention that the entry of a money judgment for plaintiffs would be an improper interference with the appropriations process.

Although the Court of Claims held that plaintiffs were entitled to reimbursement from the state pursuant to § 7, it refused to grant plaintiffs a money judgment because it reasoned that such a judgment would be the equivalent of a writ of mandamus, which it has no jurisdiction to grant. Since no funds had been appropriated to reimburse plaintiffs at the time the Court of Claims decided this case, that court concluded that the entry of a money judgment to reimburse plaintiffs would have the effect of compelling such appropriations. This conclusion, however, is erroneous because, as we have indicated, the enforcement of a money judgment pursuant to the Court of Claims Act compels neither an appropriation nor the payment of unappropriated funds. Therefore, it was within the jurisdiction of the Court of Claims to award plaintiffs a money judgment.

The state has raised another issue for our con-

sideration. The Court of Appeals, in remanding this case to the Court of Claims, held that "a monetary award can be satisfied out of the funds appropriated for the purpose of satisfying judgments of the Court of Claims [citations omitted], *or by any other remedy a judgment creditor may pursue." City of Adrian, supra,* p 76 (emphasis added). The state contends that the above-emphasized portion of the Court of Appeals opinion is erroneous and that, assuming, *arguendo,* a money judgment may enter, it would be enforceable only according to the provisions of the Court of Claims Act, specifically MCL 600.6458; MSA 27A.6458. Plaintiffs respond that the state has waived this argument by failing to raise it in its application for leave to appeal. GCR 1963, 853.2(1)(a).[13]

We find it unnecessary to decide this issue now. Plaintiffs are seeking the award of a money judgment, not an order enforcing such a judgment. Moreover, plaintiffs do not suggest that they propose to enforce this judgment in any manner other than that set forth in MCL 600.6458; MSA 27A.6458.

We affirm the Court of Appeals decision to remand this case to the Court of Claims for a determination of plaintiffs' monetary award.

WILLIAMS, C.J., and KAVANAGH, LEVIN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RYAN, J.

---

[13] GCR 1963, 853.2(1)(a) provides:
"Unless otherwise ordered by the Court, appeals shall be limited to the issues raised in the application for leave to appeal."