SAGINAW FIREFIGHTERS ASSOCIATION, LOCAL 422, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO v CITY OF SAGINAW

Docket No. 69680. Submitted January 10, 1984, at Lansing.—Decided September 18, 1984.

Plaintiff, Saginaw Firefighters Association, Local 422, International Association of Firefighters, AFL-CIO, brought an action against the City of Saginaw, alleging that defendant had violated the Minimum Wage Act of 1964 by not paying overtime compensation to plaintiff's members. Such payments are specifically provided for by statute. The Saginaw Circuit Court, Joseph R. McDonald, J., granted summary judgment in favor of plaintiff on the basis that defendant failed to state a valid defense. The court ordered defendant to pay overtime compensation to those members of plaintiff who were not employed in a bona fide executive, administrative, or professional capacity and awarded plaintiff liquidated damages, costs and attorney fees. Defendant appeals. *Held:*

1. The failure of the Director of Labor to promulgate rules defining the applicability of the overtime compensation requirement does not render the statute unenforceable where the action was brought in a court rather than before an administrative tribunal. In the absence of such rules the statute is subject to judicial construction.

2. The overtime pay provision does not violate the so-called Headlee Amendment to the Michigan Constitution, because the provision of fire protection services by a municipal corporation is not required by state law.

3. The Legislature is required by statute to reimburse local governments for the increased costs resulting from the over-

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 48A Am Jur 2d, Labor and Labor Relations §§ 2553, 2564.

[1] 48A Am Jur 2d, Labor and Labor Relations §§ 209, 2479.

[3] 56 Am Jur 2d, Municipal Corporations, Counties and other Political Subdivisions § 579.

[4] 73 Am Jur 2d, Summary Judgment §§ 24, 25.

[5] 48A Am Jur 2d, Labor and Labor Relations § 2486.

time pay requirement. The city thus has a cause of action against the state for reimbursement of such funds.

4. Motions for summary judgment based on the failure to state a valid defense need not be accompanied by a supporting affidavit.

5. An award of liquidated damages, costs and attorney fees under the Minimum Wage Act is discretionary with the trial court. Such an award may be denied if the employer shows to the satisfaction of the court that the act or omission giving rise to the action was in good faith and that the employer had reasonable grounds for believing that its act or omission was not in violation of the statute. Such a showing was not made in this case. Therefore, the trial court did not err in awarding liquidated damages, costs and attorney fees.

Affirmed.

1. LABOR RELATIONS — MINIMUM WAGE LAW — FIREFIGHTERS — ADMINISTRATIVE RULES.

The provisions of the Minimum Wage Law of 1964 which require the payment of overtime compensation to firefighters is not rendered unenforceable by a circuit court by the failure of the Director of Labor to promulgate administrative rules regarding the inapplicability of the statutory provisions of certain employees; in the absence of such rules, the statute as written is subject to judicial construction (MCL 408.384a; MSA 17.255[4a]).

2. LABOR RELATIONS — MINIMUM WAGE LAW — FIREFIGHTERS — CONSTITUTIONAL LAW.

The statute requiring the payment of overtime compensation to municipal firefighters does not violate the constitutional provision limiting the state's power to increase costs to local governmental units for activities or services required by state law because state law does not require that fire protection be provided by a municipal corporation (Const 1963, art 9, § 29; MCL 408.384a; MSA 17.255[4a]).

3. MUNICIPAL CORPORATIONS — FIREFIGHTERS — MINIMUM WAGE LAW.

A municipal corporation has a cause of action against the state to recover funds which the Legislature should have appropriated, but did not, to satisfy the state's statutory obligation to provide funds to the municipal corporation for the increased costs of fire protection services resulting from a statutory requirement that firefighters be paid for overtime (MCL 408.384a[7]; MSA 17.255[4a][7]).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE DEFENSE — AFFIDAVITS.

A motion for summary judgment brought on the ground that the defendant has failed to state a valid defense need not be supported by affidavit (GCR 1963, 117.2[2], 117.3).

5. LABOR RELATIONS — MINIMUM WAGE LAW — LIQUIDATED DAMAGES.

An award of liquidated damages, costs, and attorney fees in an action brought under the Minimum Wage Law of 1964 is discretionary with the trial court; an award may be denied if the employer shows to the satisfaction of the trial court that the act or omission giving rise to the action under the statute was in good faith and that the employer had reasonable grounds for believing that its act or omission was not in violation of the statute (MCL 408.393; MSA 17.255[13]).

*Borrello, Thomas & Jensen, P.C.* (by *Peter C. Jensen),* for plaintiff.

*Otto W. Brandt, Jr.,* City Attorney, for defendant.

Before: ALLEN, P.J., and HOOD and W. S. WHITE,* JJ.

PER CURIAM. Plaintiff commenced the present action on behalf of its members, alleging that defendant violated the Minimum Wage Law of 1964, MCL 408.381 *et seq.;* MSA 17.255(1) *et seq.* Summary judgment was entered in favor of plaintiff pursuant to GCR 1963, 117.2(2) (failure to state a valid defense). Defendant was ordered to pay overtime compensation to members of plaintiff who were not employed in a bona fide executive, administrative, or professional capacity, as required by MCL 408.384a; MSA 17.255(4a). Plaintiff was also awarded liquidated damages, costs, and

* Circuit judge, sitting on the Court of Appeals by assignment.

attorney fees pursuant to MCL 408.393; MSA 17.255(13). Defendant appeals as of right.

In 1978, the state's minimum wage act was amended to specifically provide for payment of overtime compensation to fire protection employees of local governmental units. 1978 PA 604. The 1978 amendments were effective January 4, 1979, but defendant failed to begin paying overtime compensation to plaintiff's members as required by the amendments.

Plaintiff brought this action on behalf of all its members, up to and including the rank of assistant fire chief. The issue as to whether higher level firefighters were entitled to overtime compensation was dismissed by stipulation of the parties. The trial court's award of summary judgment applied only to lower level firefighters.

Defendant argues that it was not required to pay the overtime compensation because the Director of Labor failed to carry out his duty under MCL 408.384a(5); MSA 17.255(4a)(5) to promulgate rules to define terms used in the amendments making the overtime compensation requirement inapplicable to certain employees. MCL 408.384a(4)(a); MSA 17.255(4a)(4)(a), which is the only exemption relevant to the instant case, states that it is not required that overtime compensation be paid to:

"An employee in a bona fide executive, administrative, or professional capacity, including an employee employed in the capacity of academic administrative personnel or teacher in an elementary or secondary school, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in the employee's workweek which the employee devotes

to activities not directly or closely related to the performance of executive or administrative activities, if less than 40% of the employee's hours in the workweek are devoted to those activities."

Defendant's argument lacks merit. The absence of the administrative rules does not render the statute unenforceable when the action is brought in the circuit court as permitted under MCL 408.393; MSA 17.255(13). In such a case, the statute as written is subject to judicial construction. Because the Legislature clearly indicated that the amendments were to be effective as of January 4, 1979, they were enforceable by the courts as of that date. Contrast, *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976), where the action was commenced before an administrative tribunal. We held in *Mallchok* that an agency may not enforce unwritten policies, rules, or regulations. However, the present action was not brought before an agency; therefore, we need not address whether the director's failure to promulgate rules would otherwise change our decision.

Defendant next argues that enforcing the amendment requiring payment of overtime compensation to its firefighters violates a provision of the "Headlee Amendment" to the Michigan Constitution. Const 1963, art 9, § 29. This provision states:

"The state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is

made and disbursed to pay the unit of Local Government for any necessary increased costs. The provision of this section shall not apply to costs incurred pursuant to Article VI, Section 18."

Defendant argues that the statutory amendment could not be enforced because the Legislature had not appropriated and disbursed funds to pay for any necessary increased costs incurred as a result of paying the overtime compensation. Const 1963, art 9, § 29,. sets restrictions on the state's power to increase costs to local governmental units for activities or services required by state law. This constitutional provision was not violated because state law does not require that fire protection be provided by a municipal corporation. *Ann Arbor v Michigan,* 132 Mich App 132, 136-137; 347 NW2d 10 (1984).

This decision does not leave defendant without a remedy against the state. The Legislature has provided for reimbursement by the state to local governments for the increased costs resulting from the requirement that firefighters be paid overtime compensation. MCL 408.384a(7); MSA 17.255(4a)(7). Defendant has a cause of action against the state to recover the funds the Legislature should have appropriated to satisfy the state's obligation to appropriate funds to defendant for the increased costs of fire protection services. *Adrian v Michigan,* 124 Mich App 72; 333 NW2d 582 (1983), *lv gtd* 418 Mich 954 (1984). In fact, defendant did bring an action against the state in the Court of Claims for reimbursement of the costs of paying its firefighters overtime compensation.

Defendant also challenges the trial judge's award of summary judgment under GCR 1963, 117.2(2) on the basis that plaintiff failed to file an affidavit in support of its motion. However, GCR

1963, 117.3 requires a supporting affidavit only for motions brought pursuant to GCR 1963, 117.2(3). A motion for summary judgment brought on the ground that the defendant has failed to state a valid defense need not be supported by affidavit. *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966). The fact that plaintiff did not file an affidavit in support of its motion does not invalidate the trial court's award of summary judgment.

Finally, defendant challenges the trial court's award of liquidated damages, costs, and attorney fees under MCL 408.393; MSA 17.255(13). This provision provides, in part, as follows:

"If any employer pays any employee a lesser amount than the minimum wage provided in this act, the employee, at any time within 3 years, may (a) bring a civil action for the recovery of the difference between the amount paid and the minimum wage provided in this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court, and/or (b) file a claim with the commissioner who shall investigate the claim."

This statutory provision is ambiguous as to whether the payment of liquidated damages, costs, and attorney fees is mandatory or discretionary. Nevertheless, in *Heath v Alma Plastics Co,* 121 Mich App 137, 144; 328 NW2d 598 (1982), we construed this provision as "clearly punitive in nature and [the liquidated damages] were intended to be imposed only in cases of wilful or flagrant violations".

Likewise, the Fair Labor Standards Act of 1938, 29 USC 201 *et seq.,* which is the federal minimum wage law, similarly provides for payment of liquidated damages for violation of that act. Under the

federal minimum wage law, a trial court has the discretion to refuse to award liquidated damages if the employer can show that its act or omission which violated the federal minimum wage law was in good faith and that it had reasonable grounds for believing it was not violating the law. 29 USC 260. Although Michigan's statute does not specifically provide for such an exception to the award of liquidated damages, costs and attorney fees, the Michigan law obviously parallels the federal act. Accordingly, we hold that under the Minimum Wage Law of 1964, a trial court may, in its discretion, deny an employee liquidated damages, costs, and attorney fees, if the employer shows to the satisfaction of the trial court that the act or omission giving rise to an action under the statute was in good faith and that the employer had reasonable grounds for believing that its act or omission was not in violation of the statute.

In the instant case, the trial judge applied the good-faith exception in determining whether or not to award plaintiff liquidated damages, costs, and attorney fees. He gave defendant ample opportunity to show that it acted in good faith in failing to pay the lower level firefighters the overtime compensation required by the state minimum wage law and to show that it had reasonable grounds for believing that its failure did not violate the minimum wage law. In an attempt to prove it was acting in good faith, defendant asserted that the absence of administrative rules and regulations rendered it impossible to determine which firefighters were exempt and how to compute the amount of overtime compensation a firefighter was entitled to.

We think the trial judge properly exercised his discretion in determining that an award of liqui-

dated damages, costs, and attorney fees was appropriate, because defendant's reliance upon the absence of administrative rules and regulations in refusing to pay *any* firefighter *any* overtime compensation was not a showing of good faith. The lower level firefighters clearly did not fall within the exemption for bona fide executive, administrative, or professional employees. Although there was an issue as to whether certain upper level firefighters, such as lieutenants, captains, and the assistant fire chief, fell within the exemption, that did not excuse defendant's failure to pay the lower level firefighters. The trial court awarded liquidated damages, costs, and attorney fees only in regard to the lower level firefighters who indisputably did not fall within the statutory exemption.

Nor did the absence of administrative rules and regulations explaining how to compute the number of overtime hours worked justify defendant's complete failure to pay any overtime compensation to the lower level firefighters. To show good faith defendant would have had to make at least an attempt to compute and pay some overtime compensation to the lower level firefighters. We conclude, therefore, that the trial judge did not abuse his discretion in awarding plaintiff liquidated damages, costs, and attorney fees.

Affirmed.