**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 9, 2003**

WENDY WOOD, Personal Representative of the
ESTATE OF MARVIN JAMES WOOD, JR.,
Deceased,

    Plaintiff-Appellee,

v                                                          No. 121970

AUTO-OWNERS INSURANCE COMPANY,

    Defendant-Appellant.

_____

PER CURIAM

    Defendant seeks leave to appeal the judgment of the Court of Appeals reversing the trial court's grant of summary disposition for defendant. We reverse the Court of Appeals decision concerning replacement services benefits under MCL 500.3108 and remand the case to the Washtenaw Circuit Court for further proceedings consistent with this opinion. In all other respects, we affirm.[1]

_____

[1] In particular, we affirm the judgment of the Court of Appeals concerning funeral benefits under MCL 500.3107.

## I.  INTRODUCTION

Plaintiff's decedent, Marvin James Wood, Jr., was killed in an automobile accident during the course of his employment. Defendant Auto-Owners Insurance Company is first in the order of priority for payment of no-fault benefits.  The issue presented is how to properly calculate Auto-Owners' liability for payment of replacement services benefits under MCL 500.3108, in light of the statutory maximum benefit contained in MCL 500.3108 and the setoff provision in MCL 500.3109.

## II.  STANDARD OF REVIEW

The issue presented concerns the interpretation of, and the relationship between, two statutes.  Accordingly, the issue is one of statutory interpretation, which we review de novo as a question of law. *Lesner v Liquid Disposal, Inc,* 466 Mich 95, 99; 643 NW2d 553 (2002).

## III.  DISCUSSION

### A.  CALCULATION

MCL 500.3108 provides:

> (1) Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have

2

performed for their benefit if the deceased had not suffered the injury causing death. Except as provided in section (2) the benefits payable for a survivor's loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 for accidents occurring before October 1, 1978, and shall not exceed $ 1,475.00 for accidents occurring on or after October 1, 1978, and is not payable beyond the first three years after the date of the accident.

(2) The maximum payable shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner. A change in the maximum shall apply only to benefits arising out of accidents occurring subsequent to the date of change in the maximum. The maximum shall apply to the aggregate benefits for all survivors payable under this section on account of the death of any one person.

From the plain, unambiguous language of subsection 3108(1), a survivor's loss benefit (SLB) is comprised of two elements: (1) economic loss (EL), which is the loss of contributions of tangible things of economic value, not including services, and (2) replacement services costs (RS), which are the expenses, not exceeding $20 a day, reasonably incurred in replacing ordinary and necessary services. *Miller v State Farm Mut Automobile Ins Co*, 410 Mich 538, 554; 302 NW2d 537 (1981). Under subsection 3108(1), the survivor's loss benefit (SLB) cannot exceed the statutory maximum (SM). *Schaible v Michigan Mut Ins Co*, 116 Mich App 116, 120-121; 321 NW2d 860 (1982). In equational presentation,

$$SLB = EL + RS$$

$$SLB \leq SM$$

3

MCL 500.3109(1) provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be *subtracted* from the personal protection insurance benefits *otherwise payable* for the injury. [Emphasis added.]

Because neither worker's compensation survivor's benefits nor Social Security survivor's benefits include, or are required to include, replacement services costs (RS), subsection 3109(1) setoff benefits (SO) pertain only to economic-loss benefits (EL). *Cole v Detroit Auto Inter-Ins Exch*, 137 Mich App 603, 613; 357 NW2d 898 (1984).

The particular question presented by this case pertains to the interrelation of the survivor's loss benefit, the statutory maximum amount, and the setoff benefit amount. The Court of Appeals held that the setoff benefit amount is to be subtracted *before* the calculation of the survivor's loss benefit and *before* the comparison to the statutory maximum ceiling. In contrast, defendant argues that the first step is to determine the survivor's loss benefit and then compare it to the statutory maximum ceiling. Only then, according to the defendant, is the MCL 500.3109 setoff provision applied. We agree with defendant.

MCL 500.3109 provides that setoff benefits "shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." By this language, it is clear that one first determines what personal protection insurance benefits are payable. MCL 500.3108 governs that

4

determination and specifically provides what benefit amount is "payable" (AP). Once that amount, i.e., the level of benefits *otherwise payable,* is calculated under MCL 500.3108, the setoff provision of MCL 500.3109 is applied and "[b]enefits provided . . . under the laws," i.e., the setoff benefit amount (SO), is *subtracted* from the "benefits otherwise payable."

Under the statutory scheme, to the extent that a setoff occurs, the setoff benefit amount (SO) *substitutes for* and *becomes* all or part of the economic loss benefit (EL) payment. *Great American Ins Co v Queen*, 410 Mich 73, 85, 87, 96, 97; 300 NW2d 895 (1980). In the present case, this means that the benefits provided by Social Security and worker's compensation governmental programs are deducted from the amount payable by the no-fault insurer as calculated under MCL 500.3108. This conclusion is consistent with the statutory language of MCL 500.3109, which provides that setoff benefits are to be "*subtracted* from the personal protection insurance benefits *otherwise payable*."

The Court of Appeals erred in applying the setoff provision before completing the MCL 500.3108 analysis. The full economic loss benefit should have been credited and included in the survivor's loss benefit calculation *before* the comparison to the statutory maximum benefit. *Great American, supra* at 96; *O'Donnell v State Farm Mut Automobile Ins Co,* 404

5

Mich 524, 538, 539; 273 NW2d 829 (1979).  According to the plain language of MCL 500.3109, both these steps are to occur before consideration of the setoff benefit.

To restate, the proper steps in the process are as follows: (1) calculate SLB (EL + RS = SLB); (2) compare SLB to SM (SLB ≤ SM) to determine the amount payable under MCL 500.3108 (AP); and (3) determine the no-fault insurer's payment liability (NFIL) in light of the setoff benefit amount (SO).  Because the setoff benefit (SO) serves to reimburse economic loss (EL), the total setoff cannot exceed economic loss.  Thus: If EL ≥ SO, then NFIL = AP - SO; if EL < SO, then NFIL = AP - EL.

### B.  APPLICATION

In the present case, economic loss benefits (EL) based on Wood's salary and taxes were calculated to be $3,643.10.[2] Replacement service benefits (RS), at a rate of $20 a day, amount to $600.  The applicable statutory maximum benefit under the annual adjustment permitted by subsection 3108(2) (SM) is $3,688.

Concerning the setoff benefit amount, plaintiff receives $2,513.14 in worker's compensation benefits and $2,199 in Social Security benefits.  These benefits represent compensation for economic loss only, not for replacement services.  In sum, the total benefit amount that can be

---

[2] All calculations are for a thirty-day period.

6

applied as setoff under § 3109 (SO) is $4,712.14.

Accordingly, we first calculate the survivor's loss benefit (SLB) by adding the economic loss benefit (EL) and the replacement services costs (RS):

$$SLB = EL + RS$$

$$SLB = \$3,643.10 + \$600$$

$$SLB = \$4,243.10$$

Second, we compare the survivor's loss benefit (SLB) to the statutory maximum benefit (SM) in order to determine the amount payable (AP):

$$(\text{The lesser of SLB and SM}) = AP$$

$$(\text{The lesser of } \$4,243.10 \text{ and } \$3,688) = AP$$

$$\$3,688 = AP$$

Third, we determine the no-fault insurer's payment liability (NFIL), considering the setoff benefit amount (SO):

$$\text{If } EL \geq SO, \text{ then } NFIL = AP - SO$$

$$\text{If } EL < SO, \text{ then } NFIL = AP - EL$$

$$\text{Here, } SO = \$4712.14 \text{ and } EL = \$3,643.10$$

$$\text{Therefore, } EL < SO, \text{ and}$$

$$NFIL = AP - EL$$

$$NFIL = \$3,688 - \$3,643.10$$

$$NFIL = \$44.90$$

Inasmuch as the Court of Appeals did not follow these steps, the panel erred.

### Conclusion

For these reasons, we reverse the judgment of the Court

7

of Appeals concerning replacement services benefits.  In all other respects we affirm.  The case is remanded to the Washtenaw Circuit Court for further proceedings consistent with this opinion.

                                    Maura D. Corrigan
                                    Elizabeth A. Weaver
                                    Clifford W. Taylor
                                    Robert P. Young, Jr.
                                    Stephen J. Markman


CAVANAGH and KELLY, JJ.

     We would grant leave to appeal.

                                    Michael F. Cavanagh
                                    Marilyn Kelly

8