ALLEN v MGM GRAND DETROIT, LLC

Docket No. 241350. Submitted October 7, 2003, at Detroit. Decided
    December 18, 2003, at 9:00 A.M. Leave to appeal denied, 470 Mich
    866.

Robert Allen and Randal Lefevers brought an action in the Wayne Cir-
    cuit Court against MGM Grand Detroit, LLC, seeking unpaid over-
    time compensation pursuant to the Minimum Wage Law of 1964
    (MWL), MCL 408.381 *et seq.* The defendant moved for summary dis-
    position, arguing that the plaintiffs' claim is subject to the Fair
    Labor Standards Act (FLSA), 29 USC 201 *et seq.*, instead of the MWL.
    The court, Edward M. Thomas, J., denied the motion, ruling that
    the MWL applied pursuant to MCL 408.394 because application of
    the minimum wage provisions of the FLSA results in a lower mini-
    mum wage than that provided by the MWL inasmuch as the plain-
    tiffs' action would be subject to a two-year statute of limitations
    under the FLSA but to a three-year statute of limitations under the
    MWL. The defendant appealed by leave granted.

    The Court of Appeals *held*:

    MCL 408.394 provides that the MWL "does not apply to an
    employer who is subject to the minimum wage provisions of the
    [FLSA], 29 U.S.C. 201 to 216 and 217 to 219, unless application of
    those federal minimum wage provisions would result in a lower
    minimum wage than provided in [the MWL]." As used in MCL
    408.394, "those federal minimum wage provisions" refers only to 29
    USC 201 to 216 and 217 to 219. The application of the two-year
    statute of limitations in the FLSA, 29 USC 255, is not an application
    of one of "those federal minimum wage provisions."

    Reversed.

STATUTES — MINIMUM WAGE LAW — FAIR LABOR STANDARDS ACT.

    The Minimum Wage Law of 1964 does not apply to an employer who
    is subject to the minimum wage provisions of the Fair Labor Stan-
    dards Act, 29 USC 201 to 216 and 217 to 219, unless those federal
    minimum wage provisions would result in a lower minimum wage
    provided in the Minimum Wage Law; the application of the two-
    year statute of limitations in the Fair Labor Standards Act, which
    provides for a shorter period than that provided in the Minimum

Wage Law, is not an application of a minimum wage provision of the Fair Labor Standards Act (29 USC 255; MCL 408.394).

*Roy, Shecter & Vocht, P.C.* (by *Michelle E. Vocht, Lynch H. Shecter,* and *Brian P. Swanson*), for the plaintiffs.

*Dickinson Wright PLLC* (by *Lawrence G. Campbell* and *David R. Deromedi*) for the defendant.

Before: FITZGERALD, P.J., and ZAHRA and FORT HOOD, JJ.

ZAHRA, J. Defendant, MGM Grand Detroit, LLC, appeals by leave granted the trial court's order denying its motion for summary disposition of plaintiffs' claim for unpaid overtime under the Minimum Wage Law of 1964 (MWL), MCL 408.381 *et seq.* Under MCL 408.394, if application of the "minimum wage provisions" of the federal Fair Labor Standards Act (FLSA), 29 USC 201 *et seq.*, results in "a lower minimum wage" than that provided by the MWL, the MWL is applicable. In this case, the hourly minimum wage rate and overtime provisions of the FLSA and the MWL were identical. We must decide whether application of the FLSA minimum wage provisions nonetheless results in a lower minimum wage because the statute of limitations under the FLSA is two years while the limitations period under the MWL is three years. We hold that the FLSA statute of limitations, 29 USC 255, is not an FLSA "minimum wage provision" as defined under MCL 408.394. Therefore, application of the federal limitations period cannot result in "a lower minimum wage" than that provided by the MWL. The trial court improperly denied defendant's motion for summary disposition. We reverse.

I. PLAINTIFFS' ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiffs are, or were at one time, full-time slot machine floor supervisors at the Detroit MGM Grand Casino. They were required to arrive at work fifteen minutes before each eight-hour shift and remain at work at least twenty to thirty minutes after each shift. From August 1999 to early 2000, defendant paid plaintiffs their regular rate of pay for time worked over forty hours a week. In early 2000, defendant stopped paying plaintiffs for hours worked over forty hours a week. Also, plaintiffs were required to attend training sessions without being paid.

Plaintiffs[1] filed a complaint asserting that defendant violated the MWL[2] by failing to pay overtime compensation at the rate of 1½ times their regular rate of pay. Defendant moved for summary disposition based on the applicability provision of the MWL, MCL 408.394.[3] Defendant argued that it is governed by the FLSA, that the FLSA and the MWL provided the same minimum hourly wage rate during the time of the alleged violations, and that it was therefore entitled to summary disposition. The parties agree that defendant is governed by the FLSA. However, the trial court denied defendant's motion, finding that because the FLSA had a shorter statutory limitations period than that pro-

---

[1] Plaintiffs have also asserted class action allegations as representatives of all similarly situated employees. There is no indication from the lower court record that the class has been certified.

[2] Plaintiffs' complaint also alleges violations of the wages and fringe benefits act, MCL 408.471 et seq.

[3] The FLSA contains a parallel provision, 29 USC 218(a), which provides that "[n]o provision of this Act or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act . . . ."

vided under the MWL, application of "federal minimum wage provisions would result in a lower minimum wage than provided [by the MWL]." Defendant filed an application for leave to appeal, which this Court granted.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003); *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Under MCR 2.116(C)(8), a motion for failure to state a claim for which relief can be granted tests the legal sufficiency of the pleadings. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(8) is proper when a claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Simko, supra* at 654. Further, the proper interpretation of a statute is a question of law subject to review de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

### B. ANALYSIS

This Court long ago established that the MWL parallels the FLSA. *Saginaw Firefighters Ass'n v City of*

*Saginaw*, 137 Mich App 625, 631-632; 357 NW2d 908 (1984). There is, however, one discrepancy between the MWL and the FLSA. That is, the MWL provides for a three-year statute of limitations while the FLSA generally[4] provides for a two-year statute of limitations.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003); *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). Initially, we review the language of the statute itself. *In re MCI*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permissible. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992); *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003). "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236, 596 NW2d 119 (1999). An ambiguity in statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning. Thus, where common words used in their ordinary fashion lead to one reasonable interpretation,

---

[4] Notably, the FLSA provides a three-year statute of limitations for claims involving a willful violation of the act. 29 USC 255(a). Plaintiffs do not claim and we do not address whether there were willful violations of the FLSA.

the statute cannot be found to be ambiguous. *Colucci, supra* at 94.

The trial court apparently[5] found the phrase "a lower minimum wage" in MCL 408.394 ambiguous because of its interaction with other statutes. In applying MCL 408.394, the trial court read it together with MCL 408.384a(6), which provides:

> For purposes of administration and enforcement, an amount owing to an employee which is withheld in violation of this section shall be considered to be unpaid minimum wages under this act.

From the phrase "unpaid minimum wages" in MCL 408.384a(6), the trial court, like the United States District Court for the Western District of Michigan in its unpublished decision in *Zimmer v Bergstrom, Quinn & Oole*, 1989 WL 223111 (October 16, 1989), concluded that the "MWL is concerned with more than just the determination of the *hourly rate* to be paid to an employee; its scope encompasses the *total sum* which may be owing to an employee." *Id.*, at * 3 (emphasis in *Zimmer*). Like the *Zimmer* court, the trial court also concluded that "because the statute of limitations would allow plaintiff[s] to bring [their] entire employment period within the scope of [the] complaint, application of the MWL does result in a higher 'minimum wage' as defined by the MWL." *Id.* Thus, the trial court held that "application of [] fed-

---

[5] In reaching its conclusion, the trial court expressly adopted the reasoning found in an unpublished opinion, *Zimmer v Bergstrom, Quinn & Oole*, 1989 WL 223111 (WD Mich, October 16, 1989). However, federal district court opinions have no precedential value. Moreover, the persuasiveness of federal district court opinions is further diminished where, as here, the issue addressed by the federal court involves interpretation of a state statute and the federal court elected not to publish the opinion.

eral minimum wage provisions would result in a lower [total amount payable to an employee] than provided in [the MWL]." MCL 408.394.

We conclude that the trial court erroneously interpreted MCL 408.394. MCL 408.394 provides, in relevant part:

> This act does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938, . . . 29 U.S.C. 201 to 216 and 217 to 219,[6] unless application of those federal minimum wage provisions would result in a lower minimum wage than provided in this act.

The MWL does not apply "unless application of *those* federal minimum wage provisions would result in a lower minimum wage than provided in this act." MCL 408.394 (emphasis added). "[T]hose federal minimum wage provisions" plainly refers to the expressly identified provisions that are enumerated in the previous phrase. In reaching its result, the trial court determined that application of the FLSA statute of limitations, 29 USC 255, would result in a lower minimum wage than that provided by the MWL. However, 29 USC 255 is not one of "*those* federal minimum wage provisions" expressly identified by the Michigan Legislature that should be applied to determine whether the FLSA results in a lower minimum wage than that provided by the MWL. Therefore, the FLSA statute of

---

[6] We note that the Legislature did not include two provisions, 29 USC 216a (repealed) and 29 USC 216b, that are within this series of nineteen consecutive FLSA "minimum wage provisions." These provisions concern liability for overtime work performed before 1949. See 29 USC 216a (repealed) and 29 USC 216b. Given the particularity with which these provisions were not included, we find that their absence supports the position that the Legislature intended that only expressly identified FLSA provisions be considered "minimum wage provisions" under MCL 408.394.

limitations is irrelevant to whether the MWL is applicable, and the trial court improperly denied defendant summary disposition.

### III. CONCLUSION

The Michigan Legislature specifically precluded application of the MWL to employers subject to the FLSA, 39 USC 201 *et seq.*, unless application of "29 U.S.C. 201 to 216 and 217 to 219" results in a lower minimum wage than provided under the MWL. Defendant is an employer subject to the FLSA and application of the above referenced provisions to the present case does not result in a lower minimum wage. Defendant is entitled to summary disposition.

Reversed.