LEE v ROBINSON

Docket No. 252476. Submitted March 9, 2004, at Lansing. Decided March 25, 2004, at 9:10 A.M. Leave to appeal denied, 470 Mich 879.

Darlene C. Lee was awarded custody of her son in the Genesee Circuit Court after Lindsey G. Robinson acknowledged paternity. Robinson was ordered to pay child support. Lee was then seriously injured in an accident and lapsed into a coma from which she has not recovered. The child began living with his maternal aunt, Anna Moyer. Robinson then brought a motion for a change of custody, alleging that Lee was unable to care for the child. The court, Duncan M. Beagle, J., appointed Lee's mother, Beverly Dempsey, and Moyer coguardians and coconservators for Lee. Following hearings at which Robinson contended that Moyer, Dempsey, and Lee's boyfriend, Mike Burdette, lacked standing with regard to the custody issue and Moyer sought an order granting custody to her, the court granted Robinson physical custody of the child and forgave the child support arrearage he owed Lee. Moyer, on Lee's behalf, appealed, alleging that the court erred in ruling that Moyer did not have standing to seek custody of the child.

The Court of Appeals *held*:

1. MCL 722.26c(1)(b)(ii) clearly provides that for a third-party family member to have standing in a custody proceeding, the custodial parent must either be dead or missing. Lee is not dead and is not "missing" within the plain meaning of the word. The court properly found that Moyer does not have standing to seek custody of the child for herself.

2. Although MCR 2.201(E)(1)(a) may require Moyer to defend this action on behalf of Lee as the coconservator and coguardian of Lee with regard to Lee's custody of the child, the court rule does not give Moyer standing to independently seek custody of the child.

Affirmed.

*Spender & Robb, P.C.* (by *Dawn M. Weier*), for the plaintiff.

*Earl R. Spuhler* for the defendant.

Before: JANSEN, P.J., and MARKEY and GAGE, JJ.

PER CURIAM. Plaintiff[1] appeals as of right from the portion of a circuit court order that granted defendant permanent physical custody of their child and also forgave defendant's child support arrearage owed to plaintiff. We affirm the circuit court's grant of permanent custody to defendant.

In 1992, plaintiff gave birth to Cameron. Defendant acknowledged Cameron as his son in 1994. Plaintiff was awarded custody of Cameron, and defendant was required to pay child support. In September 2002, plaintiff was seriously injured in an accident, and lapsed into a coma from which she has not recovered. After the accident, Cameron lived with his maternal aunt, Anna Moyer. Allegedly, Cameron, Moyer, and Moyer's children were all living in the home of plaintiff's boyfriend, Mike Burdette.

In November 2002, defendant sought full custody of Cameron. Defendant filed a motion for change of custody on November 26, 2002. Defendant argued that because of plaintiff's accident and subsequent coma, she was unable to care for Cameron. And defendant claimed that under the circumstances, it was in Cameron's best interest to be in defendant's care. On December 19, 2002, defendant filed an ex parte petition for temporary physical custody. In this petition, defendant argued that Moyer had no standing in the custody proceedings. Also, on December 19, 2002, the circuit

---

[1] Plaintiff Darlene C. Lee is in a coma because of a traffic accident. Plaintiff's coconservator and coguardian, Anna Moyer, plaintiff's sister, brought this appeal on plaintiff's behalf.

court appointed plaintiff's mother, Beverly Dempsey, and Moyer as coguardians and coconservators for plaintiff.

The circuit court held a hearing on defendant's motion on December 23, 2002. Defendant raised the issue of standing regarding Moyer, Burdette, and Dempsey. The circuit court also took defendant's testimony to aid in its decision. The circuit court decided to let Cameron finish out the school semester before changing custody. This ruling left Cameron in Moyer's care. Subsequently, the circuit court issued an order granting defendant joint legal custody of Cameron, but giving Moyer temporary physical custody. In June 2003, the circuit court determined that Moyer did not have standing in a custody proceeding. Defendant then petitioned for physical custody of Cameron. On November 24, 2003, the circuit court entered an order granting defendant physical custody and forgiving the child support arrearage he owed to plaintiff.

Plaintiff's only contention on appeal is that the circuit court erred in ruling that Moyer did not have standing to seek custody of the child pursuant to MCL 722.26c. We disagree. This is a question of statutory interpretation, which we review de novo. *Wood v Auto-Owners Ins Co,* 469 Mich 401, 403; 668 NW2d 353 (2003).

MCL 722.26c states, in pertinent part:

> (1) A third person may bring an action for custody of a child if the court finds . . . the following:

> * * *

> (b) All of the following:
> (i) The child's biological parents have never been married to one another.

(ii) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

(iii) The third person is related to the child within the fifth degree by marriage, blood, or adoption.

It is undisputed that subsections 6c(1)(b)(i) and (iii) are satisfied in this case. Moyer, on behalf of plaintiff, argues that subsection 6c(1)(b)(ii) is also satisfied because due to plaintiff's coma, plaintiff is "missing." The plain language of the statute does not support this contention.

In interpreting a statute, the obligation of this Court is to discern the legislative intent from the words actually used in the statute. *Rakestraw v Gen Dynamics Land Sys, Inc*, 469 Mich 220, 224; 666 NW2d 199 (2003). "A bedrock principle of statutory construction is that a clear and unambiguous statute leaves no room for judicial construction or interpretation." *Id.*, quoting *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993) (internal quotation marks omitted). In construing the statute, it is this Court's obligation to review the words used in the statute and give those words their plain and ordinary meanings. See *Stone v Michigan*, 467 Mich 288, 291; 651 NW2d 64 (2002).

The language of MCL 722.26c(1)(b)(ii) is clear. In order for a third-party family member to have standing in a custody proceeding, the custodial parent must either be dead or missing. MCL 722.26c. Plaintiff is not dead, so the question is whether she may be considered "missing" for purposes of MCL 722.26c(1)(b)(ii). Unless defined in the statute, every word of a statute should be accorded its plain and ordinary meaning, considering the context in which the word is used. MCL 8.3a; *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002). Because the term "missing" is

not defined in the statute, we may turn to dictionary definitions to aid in the general goal of construing the term in accordance with its ordinary meaning and generally accepted use. *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 240; 615 NW2d 241 (2000), quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). The Oxford dictionary defines "missing" as "absent and unable to be found." *Oxford Color Dictionary* (2d ed) (2001).

Plaintiff is not "missing" within the plain meaning of the word. Plaintiff is not absent, and she most certainly can be found. Plaintiff is incapacitated and incompetent. This Court must respect the plain language of the statute. *Stone, supra* at 291. Given that plaintiff is not missing under the plain meaning of the word, upon review de novo, we find Moyer does not have standing to seek custody of the child pursuant to MCL 722.26c.

Plaintiff also cites MCR 2.201(E)(1)(a) to support her argument that Moyer has standing. MCR 2.201(E)(1)(a) provides:

> (E) Minors and Incompetent Persons. This subrule does not apply to proceedings under chapter 5.
>
> (1) Representation.
>
> (a) If a minor or incompetent person has a conservator, actions may be brought and must be defended by the conservator on behalf of the minor or incompetent person.

Plaintiff argues that MCR 2.201(E)(1)(a) requires Moyer to defend this action on plaintiff's behalf. But, Moyer acknowledges in plaintiff's brief that Moyer is not seeking to defend plaintiff's custody. Moyer is seeking custody of the child for herself. While MCR 2.201(E)(1)(a) may require Moyer to defend this action on plaintiff's behalf as her coconservator and coguardian, it does not create standing for her as the coconservator to argue her own interest rather than that of the

incompetent person. MCR 2.201(E)(1)(a) does not support Moyer's contention and does not give her standing to independently seek custody of the child.

Plaintiff cites no further authority to support the contention that Moyer has standing to pursue custody of the child for herself. Plaintiff argues that the best interest of the child should be the central consideration of custody disputes. Although this contention is true, see *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001), it does not create standing for Moyer to intervene and generate a new, separate, custody dispute.

Plaintiff has failed to cite any applicable authority to support Moyer's standing to proceed in this case. The authority cited does not support a finding that Moyer has standing, and this Court will not search for law to sustain a party's position when the party fails to cite authority to support a claim. *Chapdelaine v Sochocki*, 247 Mich App 167, 174; 635 NW2d 339 (2001).

Affirmed.