ALEXANDER v PERFECTION BAKERIES, INC

Docket No. 253048. Submitted April 5, 2005, at Lansing. Decided June 28, 2005, at 9:00 a.m. Leave to appeal denied, 474 Mich 975.

David Alexander and others, who in their work for Perfection Bakeries, Inc., deliver baked goods to retail stores, brought an action in the Jackson Circuit Court against their employer, seeking overtime pay for work performed in excess of forty hours a week. The plaintiffs claimed that although the defendant is exempt from paying overtime wages under the motor carrier exemption of the Fair Labor Standards Act (FLSA), 29 USC 213(b)(1), they are entitled to overtime pay under the Minimum Wage Law (MWL), MCL 408.381 *et seq.*, because application of the FLSA would result in a lower minimum wage. MCL 408.394. The court, Edward J. Grant, J., granted summary disposition for the defendant, ruling that the plaintiffs failed to state a cause of action under the MWL. The plaintiffs appealed.

The Court of Appeals *held*:

The FLSA, 29 USC 201 *et seq.*, and the MWL both regulate the minimum wage. The motor carrier exemption of the FLSA exempts from overtime compensation any employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to 49 USC 31502. The MWL, in MCL 408.394, provides that it does not apply to an employer who is subject to the minimum wage provisions of the FLSA unless application of those provisions would result in a lower minimum wage than provided in the MWL. The term "minimum wage," in its plain and ordinary meaning in the MWL, unambiguously does not include overtime pay, which is a benefit distinct from the minimum wage. The trial court did not err in holding that the plaintiffs failed to state a claim under the MWL because the plaintiffs would receive the same minimum wage under the MWL and the FLSA.

Affirmed.

MASTER AND SERVANT — MINIMUM WAGE LAW — MINIMUM WAGE — OVERTIME.

The term "minimum wage," in its plain and ordinary meaning in the Minimum Wage Law, unambiguously does not include overtime

pay, which is a benefit distinct from the minimum wage (MCL 408.381 *et seq.*).

*Chambers, Steiner & Sturm, P.L.C.* (by *Martin R. Sturm*), for the plaintiffs.

*Pilchak Cohen & Tice, P.C.* (by *Daniel G. Cohen* and *Robert C. Tice*), for the defendant.

Amici Curiae:

*Robert Labrant* for the Michigan Chamber of Commerce.

*Walter G. Heinritzi* for the Michigan Trucking Association.

Before: CAVANAGH, P.J., and JANSEN and GAGE, JJ.

PER CURIAM. Plaintiffs appeal by leave granted the trial court order granting defendant partial summary disposition and holding that plaintiffs failed to state a cause of action under the Minimum Wage Law (MWL), MCL 408.381 *et seq.* We affirm.

Plaintiffs, who are employees of defendant, deliver bread and bakery products to retail stores and place stock on the shelves. They are paid a base wage plus commissions, which are based on the amount of product delivered and sold at the retail stores. Plaintiffs routinely work in excess of forty hours a week, but they have never been paid compensation for overtime in excess of forty hours a week.

Plaintiffs argue that the trial court erred in granting defendant summary disposition because the MWL applies to defendant. We review de novo a grant of summary disposition based on a failure to state a claim. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). A motion pursuant to MCR 2.116(C)(8) tests the

legal sufficiency of a claim on the basis of the pleadings alone, and the motion may not, therefore, be supported with documentary evidence. " 'All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant.' " *Adair, supra* at 119, quoting *Maiden v Rozwood,* 461 Mich 109, 119; 597 NW2d 817 (1999). A motion pursuant to MCR 2.116(C)(8) should be granted only when the claim is " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Adair, supra* at 119, quoting *Maiden, supra* at 119. We also review de novo questions of statutory application and construction. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 62; 642 NW2d 663 (2002).

The regulation of minimum wage is governed by parallel state and federal statutes, the MWL and the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq.,* respectively. *Allen v MGM Grand Detroit, LLC,* 260 Mich App 90, 93; 675 NW2d 907 (2003). Both laws require the payment of a minimum hourly wage of $5.15, which began on September 1, 1997. MCL 408.384(c); 29 USC 206(a)(1). Both acts also provide that work in excess of forty hours a week must be compensated at a rate of $1^{1}/_{2}$ times the regular wage rate. MCL 408.384a(1); 29 USC 207(a)(1). Both statutes provide a list of exemptions from the requirement of overtime pay. MCL 408.384a(4); 29 USC 213(b). Specifically, the FLSA exempts from the overtime compensation requirements "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [49 USC 31502.]" 29 USC 213(b)(1). This is commonly referred to as the federal "motor carrier exemption."

*Bilyou v Dutchess Beer Distributors, Inc*, 300 F3d 217, 223 (CA 2, 2002). The MWL does not contain a comparable exemption.

Congress has expressly provided for overlapping regulation in this area, stating that the FLSA does not excuse noncompliance with any state law or municipal ordinance providing for a higher minimum wage or lower maximum workweek. 29 USC 218. The MWL expressly states that it "does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938 . . . unless application of those federal minimum wage provisions would result in a lower minimum wage than provided in this act." MCL 408.394.

It is undisputed that the FLSA applies to defendant and that defendant is exempt from paying overtime wages under the FLSA because plaintiffs fall under the motor carrier exemption. Plaintiffs, however, argue that they are entitled to overtime pay under the MWL because application of the FLSA would result in a lower minimum wage. Defendant argues that plaintiffs do not receive a greater minimum wage under the MWL, but simply would be entitled to overtime pay, a benefit distinct from the minimum wage. This issue raises a question of statutory interpretation.

We must determine the meaning of the term "minimum wage" and decide whether it includes overtime pay. An undefined term in a statute is generally construed according to its common and approved usage, and it is appropriate for a court to consult a dictionary to give meanings to words used in a statute. *Lee v Robinson*, 261 Mich App 406, 409-410; 681 NW2d 676 (2004). *Random House Webster's College Dictionary* (1997) defines the term "minimum wage" as "the lowest *hourly wage* that may be paid to an employee, as

fixed by law or by union contract." (Emphasis added.) Black's Law Dictionary (6th ed) similarly defines "minimum wage" as the "minimum *hourly rate* of compensation for labor, as established by federal statute and required of employers engaged in businesses which affect interstate commerce." (Emphasis added.) The term "minimum wage" is therefore unambiguous and does not include overtime pay. Applying the plain language of the statute, plaintiffs would receive the same "minimum wage" under the MWL and the FLSA. Accordingly, the trial court did not err in holding that plaintiffs failed to state a claim under the MWL.

Plaintiffs maintain that, when read in conjunction with MCL 408.394, MCL 408.384a(6) effectively defines "minimum wage" to include overtime compensation. MCL 408.384a(6) provides: "For purposes of administration and enforcement, an amount owing to an employee that is withheld in violation of this section is unpaid minimum wages under this act." However, MCL 408.382, the definitions section for the MWL, does not include the term "minimum wage." Moreover, MCL 408.384a(6) addresses only an amount that is withheld in violation of the overtime compensation section. Thus, we are not persuaded by plaintiffs' argument.

Plaintiffs present another argument with respect to MCL 408.394, which provides that the MWL "does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act, . . . 29 USC 201 to 216 and 217 to 219, unless application of those federal minimum wage provisions would result in a lower minimum wage than provided in this act." While the *Allen* Court established that the phrase "those federal minimum wage provisions" refers to the FLSA provisions identified in the previous phrase, it is

obvious that the phrase "minimum wage" also modifies the term "provisions." The *entire* FLSA is identified except for two sections, 29 USC 216a and 29 USC 216b.[1] Although the absence of these two provisions may support the inference that the Legislature intended that only the identified FLSA provisions be considered minimum wage provisions, *Allen, supra* at 96 n 6, the great majority of the sections are not related to minimum wage in any way.[2] We are not persuaded that the mere identification of the FLSA overtime compensation section, 29 USC 207, supports plaintiffs' proposed definition of "minimum wage."

Plaintiffs urge us to examine amendments to the MWL. Because we have concluded above that the language of the statute is unambiguous, we may not go beyond the words of the statute to ascertain legislative intent. *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999).

Plaintiffs also cite *Allison v The Pepsi Bottling Group, Inc,* unpublished opinion of the United States District Court for the Western District of Michigan (Docket No. 5:03-cv-244, June 28, 2004), in support of their definition of the term "minimum wage." That court failed, however, to give the term "minimum wage" its plain and ordinary meaning, as described above, and we are not bound by its decision because it involves only questions of state law. *Sharp v City of Lansing,* 464 Mich 792, 802-803, 817; 629 NW2d 873 (2001).

Affirmed.

---

[1] These two sections concern liability for overtime work performed before 1949, and 29 USC 216a has been repealed. *Allen, supra* at 96 n 6.

[2] See, e.g., 29 USC 205 (special industry committees for American Samoa); 29 USC 208 (court review of wage orders in American Samoa), 29 USC 210 (court review of wage orders in Puerto Rico and the Virgin Islands); and 29 USC 212 (child labor provisions).