Paul VELIZ; James White; Mark Chainuck; Jeff Jay; Tade L. Wasmer; Aaron M. Zadnick; Earl C. Woods, Jr.; Wayne Edwards; Wildredo Heurtas, Jr.; Amber Kelly; Sam Williams, Plaintiffs,

and

David A. ABNEY; Thomas G. Adder; Daniel S. Baldwin; Michael A. Baldwin; William J. Bertrand; Craig Bobeck; Scott P. Borawski; Frank Charles Boyd; Kevin Boynton; David F. Brauer, Robert A. Buckholz; Edward B. Bullard; Daniel P. Burns; Chad T. Chappell; Herbert J. Clements II; Dennis Cole; David Cook Greg Van Coppenolle; Aaron Coy; Tom Crandle; Nathaniel Terrance Crawford; Timothy E. Crumley; Randy Chris Curry; Timothy James Degraaf; Troy L. Derosia; Jeff Edney; Michael Ehredt; Larry L. Eib; David W. Embree; Lillian English; Patrick Feeney; Craig W. Flockhart; Joseph F. Foldesi; Franklin E. Fox; Lloyd V. Fudge; Robert C. Gault; Brandon R. Genther; Thomas E. Gubala; Thomas M. Hager II; Dan Hanson; Ghassan Hassan; Toni Henderson; James Lee Herriman; Randall C. Hill; Bobby C. Hodge; Lawrence J. Hoff; Anthony Holmes; Ben Horn; John Ireland; Sol E. Jaffee; Matthew Leonard Jamison; Courtney Johnson; Bobby Jones; Brian T. Jones; Tichael T. Jones; Randy Judd; Jason Koltys; Patrick Kreutz; James M. Krol; Christopher Kull; John J. Kunz; Sherry Ann Lay; Christopher W. Leeder; Lyle Alan Lehr; James Lightfoot; Noel Lloyd; Josef Lowell; Kenneth G. Luke; Joseph Marcoux; Jose R. Martinez; Joseph Camara Medeiros IV; Wilfred Micho; John A. Milligan; Patrick Moriarty; Joseph R. Murphy II; Christopher Neboyskey; Jason S. Nichols; Michael J. Novak; Daniel R. Orgeck; Michael S. Pilon; Michael T. Prieur; Eric Prosser; Douglas Robert Rahn; Michael L. Ratcliff; Anthony Rieck; Michael Dewayne Robinson; Timothy J. Schaffer; Dennis Schultz; Jeffrey J. Schwall; Garry F. Schwartz; Scott Seath; Troy P. Sheck; Scott G. Sheets; Perry L. Shepard; David Skuratovich; Barbara S. Smith; Darrin Smith; James Alexander Smith; Kelly Smith; Ronald Lynne Smith; John M. Sullivan; Dwight Casey Thomas; Joe Thompson; Mark Thompson; Scott Tomaszewski; Jerry W. Trevathan; Allen Van Koevering; Randy Wagner; Corey A. Whitlow; Jerry K. Wight; Andre Williams; Michael H. Wise; Richard B. Witkoske; Earl Gene Wood, Plaintiffs—Appellants,

v.

Cintas Corporation, an Ohio corporation; Plan Administrator for the Cintas Partners' Plan, Defendants—Appellees.

No. 04–16843.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Filed May 3, 2006.

Stefanie Kim Gluckman, Traber, Voorhees & Olguin, Pasadena, CA, Albert H. Meyerhoff, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP., Los Angeles, CA, Steven W. Pepich, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs.

Theresa M. Traber, Esq., Vanessa H. Eisemann, Esq., Traber, Voorhees & Olguin, Pasadena, CA, Michael Rubin, Esq., Scott A. Kronland, Esq., Eileen B. Goldsmith, Esq., Altshuler Berzon Nussbaum Rubin & Demain, San Francisco, CA, for Plaintiffs–Appellants.

Mark C. Dosker, Esq., Angela N. O'Rourke, Esq., Squire Sanders & Dempsey, LLP, San Francisco, CA, Cheryl A. Hipp, Esq., Squire Sanders & Demsey, LLP, Cleveland, OH, for Defendants–Appellees.

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

MEMORANDUM *

Plaintiffs, "Service Sales Representatives," appeal the district court's dismissal of their Tenth Claim for Relief for alleged violations of the Michigan Minimum Wage Law ("MMWL") asserted against their employer, defendant Cintas Corporation. We have jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment dismissing the Tenth Claim for Relief pursuant to Federal Rule of Civil Procedure 54(b). We affirm the district court's dismissal of the claim.

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Decker v. Advantage Fund, Ltd., 362 F.3d 593, 595–96 (9th Cir.2004). The district court's interpretation of state law is also reviewed de novo. Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).

"When interpreting state law, federal courts are bound by decisions of the state's highest court." Nelson v. City of Irvine, 143 F.3d 1196, 1206 (9th Cir.1998). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." Id. However, a federal court is obligated to follow the decisions of the state's intermediate appellate courts where there is no convincing evidence that the state supreme court would decide the matter differently.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Cal. Pro–Life Council, Inc. v. Getman,* 328 F.3d 1088, 1099 (9th Cir.2003).

Plaintiffs filed their claim for alleged violations of the MMWL.[1] The MMWL by its terms does not apply to an employer who is subject to the Fair Labor Standards Act ("FLSA"), unless application of the federal minimum wage provisions "would result in a lower minimum wage than that provided in [the MMWL]." Mich. Comp. Laws § 408.394. The parties do not dispute that Cintas is an employer subject to the FLSA and that at all relevant times the applicable minimum wage hourly rate under the FLSA and the MMWL was the same. However, plaintiffs contend that if Cintas is successful in asserting that plaintiffs are subject to certain FLSA overtime exemptions set forth in 29 U.S.C. § 213, including those for outside salespersons, motor carriers, and executive employees, Cintas will owe plaintiffs less under the FLSA than it would owe them under the MMWL, which does not have such exemptions. Plaintiffs also assert that the term "minimum wage," as used in Michigan Compiled Laws § 408.394, includes overtime pay. As a result, they contend, application of the FLSA overtime exemptions would result in a lower "minimum wage" than provided in the MMWL. Under these circumstances, plaintiffs argue, the MMWL applies to Cintas and plaintiffs can state a claim under that state law. Thus, the dispositive issue is whether the term "minimum wage," as used in Michigan Compiled Laws § 408.394, includes overtime pay.

The Michigan Supreme Court has not yet considered whether the term "minimum wage," as used in Michigan Compiled Laws § 408.394, includes overtime pay.[2] However, the Michigan Court of Appeals squarely addressed this issue in *Alexander v. Perfection Bakeries, Inc.,* 267 Mich.App. 161, 705 N.W.2d 31 (2005), *appeal denied,* 474 Mich. 975, 707 N.W.2d 190 (2005).

*Alexander* held that the term "minimum wage," as used in Michigan Compiled Laws § 408.394, "does *not* include overtime pay." *Alexander,* 705 N.W.2d at 33 (emphasis added). Because "minimum wage" is not defined in the MMWL, the *Alexander* court looked to the dictionary and determined that "minimum wage" means the lowest *hourly* wage that may be paid to an employee. *Id. Alexander* held that "[t]he term 'minimum wage' is therefore unambiguous and does not include overtime pay." *Id.*

There is no evidence that the Michigan Supreme Court would decide the issue differently from *Alexander.* We are, therefore, obligated to defer to the Michigan Court of Appeals' interpretation of "minimum wage," as used in Michigan Compiled Laws § 408.394. *See Getman,* 328 F.3d at 1099. As a result, the plaintiffs would receive the same "minimum wage" under the MMWL and the FLSA. The plaintiffs, therefore, fail to state a claim under the MMWL. Accordingly, we affirm the district court's dismissal of the plaintiffs' Tenth Claim for Relief for violations of the MMWL.

**AFFIRMED.**

---

1. The MMWL provides in pertinent part:
   This act does not apply to an employer who is subject to the minimum wage provisions of the fair labor standards act of 1938, chapter 676, 52 Stat. 1060, 29 U.S.C. 201 to 216 and 217 to 219, unless application of those federal minimum wage provisions would result in a lower minimum wage than provided in this act.
   Mich. Comp. Laws § 408.394.

2. We certified this question to the Michigan Supreme Court, but it declined to answer it.