SOTELO v GRANT TOWNSHIP

Docket No. 238690. Submitted February 11, 2003, at Lansing. Decided February 21, 2003, at 9:10 A.M. Leave to appeal sought.

Jeffrey and Susan Sotelo and others brought an action in the Newaygo Circuit Court against Grant Township, seeking an order directing the township to approve a division of the Sotelos' land. The township had denied approval on the basis that the division violated the Land Division Act (LDA), MCL 560.101 *et seq.*, and a local zoning ordinance that required a minimum parcel size of one acre. The Sotelos' land was originally 2.35 acres. Its size was increased when the owner of adjoining land conveyed 3.25 acres from his 7.63 acre parcel to the Sotelos, resulting in the Sotelos' parcel consisting of 5.6 acres, which they then split into four separate parcels, each containing more than one acre. The court, Anthony A. Monton, J., granted summary disposition in favor of the township, finding the property division to be a violation of the LDA. The plaintiffs appealed.

The Court of Appeals *held*:

1. The split of the Sotelos' parcel constituted a "division" that is not subject to the platting requirement of the LDA. Subsection 102(d) of the LDA, MCL 560.102(d), defines a "division" as the partitioning or splitting of a parcel or tract of land by the proprietor that results in one or more parcels of less than forty acres and that satisfies the requirements of §§ 108 and 109 of the act, MCL 560.108, 560.109. The Sotelos split their land into parcels less than forty acres and in compliance with subsection 108(2)(a), which provides that a division of a parcel of less than ten acres, together with any previous divisions of the same parent parcel, that results in not more than four parcels complies with § 108.

2. Subsection 102(d) contains language suggesting that, following a transfer of property between adjacent parcels, the resulting parcels (not the prior parcels) should be considered in determining whether the requirements of the LDA are satisfied.

3. The Sotelos' parcel is not a parcel "created by an exempt split or a division" and therefore the provisions of subsection 108(5) applicable to such parcels do not apply to the parcel. The Sotelos' parcel was not created by a "division" because subsection 102(d)

provides that a division does not include a property transfer between two or more adjacent parcels, as occurred here.

4. The township was required under MCL 560.109(1) to approve the division because it met the requirements of §§ 108 and 109. The court's order must be reversed and the matter must be remanded for entry of an order directing the township to approve the division of the Sotelos' parcel.

Reversed and remanded.

1. PROPERTY — LAND DIVISION ACT — WORDS AND PHRASES — DIVISION.

The Land Division Act defines a "division" as the partitioning or splitting of a parcel or tract of land by the proprietor that results in one or more parcels of less than forty acres and that satisfies the requirements of §§ 108 and 109 of the act; a "division" does not include a property transfer between two or more adjacent parcels (MCL 560.102[d], 560.108, 560.109).

2. PROPERTY — LAND DIVISION ACT.

The Land Division Act provides that a division of a parcel of less than ten acres, together with any previous divisions of the same parent parcel, that results in not more than four parcels complies with the requirements of § 108 of the act (MCL 560.108[2][a]).

3. PROPERTY — LAND DIVISION ACT.

The parcels that result following the transfer of property between adjacent parcels of land should be considered in determining whether the requirements of the Land Division Act are satisfied with regard to the division (MCL 560.102[d]).

4. PROPERTY — LAND DIVISION ACT.

A municipality must approve a division of property where the requirements of §§ 108 and 109 of the Land Division Act have been satisfied (MCL 560.108, 560.109).

*Visser & Bolhouse, P.C.* (by *Donald R. Visser* and *Thomas R. Vander Hulst*), for the plaintiffs.

*Law, Weathers & Richardson, P.C.* (by *Clifford H. Bloom*), for the defendant.

Before: NEFF, P.J., and BANDSTRA and KELLY, JJ.

BANDSTRA, J. Plaintiffs appeal as of right from the trial court's opinion and order finding that plaintiffs' division of property violated the Land Division Act

(LDA), MCL 560.101 *et seq.*, and granting summary disposition in favor of defendant. We reverse and remand. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

### FACTS

The facts underlying this appeal are not in dispute and were summarized by the trial court in its opinion:

> Prior to July 15, 1999, the land involved in this dispute was divided into two adjacent parcels in the Township of Grant: Jeffrey and Susan Sotelo owned a 2.35 acre parcel of land . . . and, immediately to the South, Robert Filut owned a 7.63 acre parcel of land ("Filut parcel"). On July 15, 1999, the size of the Sotelo parcel was increased when Filut conveyed 3.25 acres from his parcel to the Sotelos. After this conveyance, the reconfigured Sotelo parcel [("Sotelo parcel")] consisted of 5.6 acres, and the Filut parcel was reduced to 4.38 acres.
>
> By deeds dated July 15, 1999, the remaining portion of the Filut parcel was divided into four separate parcels which were more than one acre in size, and by deeds dated August 10, 1999, the Sotelo parcel was divided into four separate parcels which were more than one acre in size. The property owners structured the size of the resulting divisions in an apparent attempt to comply with the Township's zoning ordinance that required a minimum parcel size of 1 acre. However, they made the divisions of land without first obtaining the approval from the Township as required by the Section 109 of the LDA. MCL[ ] 560.109[ ].
>
> The Township informed the property owners that they were in violation of the LDA, and the owners responded by requesting the Township to approve the divisions previously made from their land. This request was extensively reviewed by the Township; but, ultimately, all the divisions were denied by a resolution passed on July 27, 2000, because the Township concluded that the divisions made

within these parcels exceeded the number allowed under the LDA.

The plaintiffs commenced this lawsuit to compel the township to approve all of the land divisions. While this lawsuit was pending, the issues involved in the case were reduced to deciding the legality of the divisions from the reconfigured Sotelo parcel, because the parties agreed that the transfer of a portion of the Filut parcel to the adjacent Sotelo parcel and the divisions made from the reconfigured Filut parcel were consistent with Michigan law and the Township's ordinances.

### ANALYSIS

This case involves interpretation of a statute and a decision on a motion for summary disposition, both of which are reviewed de novo on appeal. *In re MCI Telecom Complaint,* 460 Mich 396, 413; 596 NW2d 164 (1999); *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998).

The LDA requires a municipality to approve a division of property if the requirements of §§ 108 and 109 of the statute, MCL 560.108, 560.109, are satisfied. MCL 560.109(1). There is no direct dispute here regarding the requirements of § 109 of the statute;[1] only the requirements of § 108 are at issue. The township argues that plaintiffs' splitting of the Sotelo parcel was not a "division" and, therefore, it was "subject

---

[1] Section 109 provides for local size ordinances such as the one-acre minimum the township has imposed here. MCL 560.109(1)(d), 560.109(5). As will be explained later, the township's argument is that this requirement was violated through operation of § 108. Further, as noted by the trial court, plaintiffs did not seek the approval of the township before dividing the Sotelo parcel into four separate parcels as required by § 109. MCL 560.109(1). However, the township does not contend that plaintiffs' failure in this regard constitutes a legitimate reason for the split to be disapproved.

to the platting requirements" of the LDA. MCL 560.108(1).

In pertinent part, the LDA provides that a split of property that complies with § 108 is a "division." MCL 560.102(d). With respect to a parcel of less than ten acres (like the Sotelo parcel), a "division, together with any previous divisions of the same parent parcel" that results in not more than four parcels complies with § 108. MCL 560.108(2)(a). The township does not argue that there were any "previous divisions of the same parent parcel" here. All that is at issue is the division of the Sotelo parcel after it was reconstituted through the transfer of acreage from the neighboring Filut parcel.[2]

The township instead argues in its brief that, "while land can be transferred between parent parcels for a 'buffer' or to increase the size of a parcel which would have been created anyway, such land transfers cannot be utilized to let property owners take land divisions they would not otherwise be able to create due to zoning size limitations applicable to the original parent parcel." Before the transfer of acreage from the Filut parcel, the original 2.35 acres of Sotelo property could not have been split into four parcels, each having one acre as required by the local zoning ordinance. The township's position is that such a split cannot constitute a "division" for purposes of the LDA after the original Sotelo property had been enlarged by the transfer of acreage from the Filut parcel.

---

[2] Moreover, the enlarged Sotelo parcel is not a "parent parcel" because it was not in existence in 1997 when the statutory amendments adding a definition for that term went into effect. See MCL 560.102(i) and 1996 PA 591, § 102, effective March 31, 1997.

The township points to nothing in the statute to support this argument and we can find no support for it there either. As plaintiffs point out, the LDA is in derogation of the common-law right to freely alienate real property and, consequently, it is to be strictly and narrowly construed. See *Rusinek v Schultz, Snyder & Steele Lumber Co*, 411 Mich 502, 507-508; 309 NW2d 163 (1981). We will not read into the statute prohibitions on alienation not clearly supported by its language.

Further, while we agree with the parties and the trial court that the LDA is not "a model of clarity on this issue," the available statutory language affirmatively suggests that the split of the Sotelo parcel constituted a "division" not subject to platting requirements. A "division" is defined as "the partitioning or splitting of a parcel or tract of land by the proprietor . . . that results in 1 or more parcels of less than 40 acres . . . and that satisfies the requirements of sections 108 and 109." MCL 560.102(d). Consistent with that language, the Sotelos, the proprietors of the Sotelo parcel, split that tract of land into parcels less than forty acres and did so in compliance with subsection 108(2), as noted above.

Similarly, the definition of "division" specifies that, following "a property transfer between 2 or more adjacent parcels, if the property taken from 1 parcel is added to an adjacent parcel . . . any resulting parcel shall not be considered a building site unless the parcel conforms to the requirements of this act or the requirements of an applicable local ordinance." MCL 560.102(d). By converse implication, the statute thus allows for the development of a parcel created by a transfer between adjacent properties if the LDA and

local ordinances are satisfied. That describes the situation here. The original Sotelo property was enlarged following a transfer from the adjacent Filut parcel. The resulting enlarged Sotelo parcel would thus be a proper building site; the parcels into which it was divided conformed to the LDA and applicable local ordinances.

In deciding that the split of the Sotelo parcel required compliance with the platting provisions of the LDA, the trial court relied on an opinion of the Attorney General concluding that, following a transfer of property between adjacent parcels, the original configuration of the two parcels must be considered in determining whether a land split constitutes a "division" not subject to platting requirements. OAG, 1981-1982, No 5929, p 237 (June 25, 1981). The trial court applied this opinion by "superimposing" the boundaries of the original Filut and Sotelo parcels. The trial court reasoned that, because a portion of the original Filut parcel had been divided into four separate parcels already, the portion of the Filut parcel that had been transferred to the neighboring Sotelo parcel could not be further divided.

We are not bound by the Opinion of the Attorney General, *Danse Corp v Madison Hts*, 466 Mich 175, 182 n 6; 644 NW2d 721 (2002), and we do not find it persuasive. The opinion cites no authority for its conclusion that the original parcels do not "lose [their] identity" following a transfer of property in determining whether a proposed split constitutes a "division." OAG, *supra* at 239. As discussed above, we find no statutory support for that conclusion. Further, since the opinion was rendered in 1981, the statute has been amended to include a definition for "division."

See 1996 PA 591, § 102. As noted above, that definition contains language suggesting that, following a transfer of property between adjacent parcels, the "resulting parcel" (not the prior parcels) should be considered in determining whether the requirements of the LDA are satisfied. MCL 560.102(d).

The trial court also reasoned that subsection 108(5) of the LDA suggests that the principles underlying the Attorney General's opinion continue to apply, notwithstanding statutory amendments. Subsection 108(5) states that "[a] parcel or tract created by an exempt split or a division is not a new parent parcel . . . ." It also establishes requirements that must be satisfied to allow further partitioning without compliance with the platting provisions of the LDA. MCL 560.108(5)(a) and (b). These prerequisites for exemption from the platting provisions are clearly not established here.

However, we find subsection 108(5) to be wholly inapposite to this case. The Sotelo parcel is not a "parcel . . . created by an exempt split or a division." MCL 560.108(5). The statute's definitional section specifically provides that a division "does not include a property transfer between 2 or more adjacent parcels" as occurred here. MCL 560.102(d). Thus, the Sotelo parcel was not created by a division. Neither was it created by an exempt split. By definition, an exempt split "does not result in 1 or more parcels of less than 40 acres . . . ." MCL 560.102(e). The Sotelo parcel was created by the transfer of property from the Filut parcel. That transfer was not an "exempt split" because its result, the Sotelo parcel, was a parcel of less than forty acres.

We conclude that the division of the Sotelo parcel into four separate parcels satisfied the requirements of § 108. Accordingly, the township was required to approve that division under MCL 560.109(1). The trial court erred in concluding otherwise.

We reverse and remand for entry of an order directing the township to approve the division of the Sotelo parcel. We do not retain jurisdiction.