**Michigan Supreme Court**
**Lansing, Michigan 489009**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 3, 2004**

JEFFREY SOTELO, SUSAN SOTELO,
WALTER J. VANDER WALL,
Individually and as Trustee,
and PHYLLIS A. VANDER WALL,
Individually and as Trustee,

    Plaintiffs-Appellees,

v                                         No. 123430

TOWNSHIP OF GRANT,

    Defendant-Appellant.

_____

**PER CURIAM**

Plaintiffs sought to divide their property in Grant Township, but the defendant township denied approval of the request pursuant to the Land Division Act (LDA), MCL 560.101 *et seq.* The circuit court upheld the township's decision and awarded summary disposition for defendant. The Court of Appeals reversed. 255 Mich App 466; 660 NW2d 380 (2003). We reverse the Court of Appeals decision and reinstate the Newaygo Circuit Court judgment.

The LDA regulates the division of land by imposing platting (that is, mapping or charting) requirements and other building and assessment requirements.[1] This case concerns "division" rights, a statutory concept found in the LDA, which limits the ability of a landowner to split or partition real property without complying with the platting process. "Divisions"[2] of parcels that meet certain criteria are exempt from statutory platting requirements and must be approved by a municipality. MCL 560.109(1). The present case involves two adjacent "parent" parcels that were reconfigured when a portion of one was sold to the owner of the other. The question is whether the reconfiguration resulted in an increase in the total number of possible divisions that could be made in the area

_____

[1] See, e.g., MCL 560.102(a); 560.132 to 560.198.

[2] "Division" is defined by the LDA as

the partitioning or splitting of a parcel or tract of land by the proprietor thereof or by his or her heirs, executors, administrators, legal representatives, successors, or assigns for the purpose of sale, or lease of more than 1 year, or of building development that results in 1 or more parcels of less than 40 acres or the equivalent, and that satisfies the requirements of [MCL 560.108, 560.109]. Division does not include a property transfer between 2 or more adjacent parcels, if the property taken from 1 parcel is added to an adjacent parcel; and any resulting parcel shall not be considered a building site unless the parcel conforms to the requirements of this act or the requirements of an applicable local ordinance. [MCL 560.102(d).]

encompassed by the two original parent parcels without complying with statutory platting requirements.

The facts are not in dispute. They are taken from the trial court opinion, on which the Court of Appeals also relied.

Before July 15, 1999, plaintiffs Jeffrey and Susan Sotelo owned a 2.35-acre parcel of land that was adjacent to, and immediately north of, a 7.63-acre parcel owned by Robert Filut. On July 15, 1999, Filut conveyed 3.25 acres of his property to the Sotelos, making the Sotelo parcel 5.6 acres and the Filut parcel 4.38 acres. No division rights were transferred with this conveyance. By deeds dated July 15, 1999, the remaining 4.38-acre parcel of the Filut property was divided into four parcels, each larger than one acre.[3] Filut conveyed these four parcels to two trusts, which are owned by plaintiffs Walter and Phyllis Vander Wall. By deeds dated August 10, 1999, the 5.6-acre Sotelo property was then divided, also into four parcels, each larger than one acre. All the divisions were made without the township approval required by MCL 560.109.

---

[3] Section 109(1)(d) of the LDA requires parcels that result from a division to conform to local ordinance lot-size minimums. The size of the divided parcels was an apparent attempt to comply with the Grant Township ordinance, which required that parcels be no smaller than one acre.

3

When they were informed that they were in violation of the LDA, the plaintiff owners requested the defendant township to approve the divisions. After extensive review, however, the request was denied by a resolution passed on July 27, 2000. The township concluded that the number of divisions exceeded the number allowed under the LDA.

Plaintiffs initiated suit to compel approval of all the land divisions. While the action was pending, the parties agreed that the transfer of the 3.25 acres from Filut to the Sotelos and the four divisions of the reconfigured Filut parcel were consistent with the LDA and township ordinances. Thus, the only remaining issue became the legality of the divisions of the reconfigured Sotelo parcel.

The Newaygo Circuit Court granted summary disposition to the township, finding that the number of plaintiffs' divisions exceeded the number available under the LDA. The circuit court held in part:

> The Filut parcel and the Sotelo parcel, as they existed on March 31, 1997, are parent parcels. The transfer of land from the Filut parcel to the Sotelo parcel on July 15, 1999, did not count against the potential divisions available to the Filut parcel under Section 108 of the LDA;[4] but, this transfer did not change

---

[4] The trial court mistakenly reported that the transfer from Filut to the Sotelos was an "exempt split" under the LDA. Pursuant to MCL 560.102(e), an "exempt split" is "the partitioning or splitting of a parcel or tract of land . . . that does *not* result in 1 or more parcels of less

4

> the boundary lines of the parent parcels for purposes of determining the number of divisions available under the LDA. The division of the Filut parcel into four separate parcels equaled, but did not exceed, all divisions available to the Filut parent parcel. The divisions from the reconfigured Sotelo parcel on August 10, 1999, violated the LDA, because some of the divisions were made within the Filut parent parcel and the divisions available to this parcel had been exhausted.

Therefore, the court agreed with the township and found that plaintiffs were required to comply with the platting provisions of the LDA in making the four-parcel split of the reconfigured Sotelo parcel.

In a published opinion, the Court of Appeals reversed the trial court's grant of summary disposition for the township. It held first that "the LDA is in derogation of the common-law right to freely alienate real property" and that, therefore, the act should be "strictly and narrowly construed." 255 Mich App 471. It concluded that the division of the Sotelo parcel into four separate parcels satisfied the requirements of § 108 and that the township

---

than 40 acres or the equivalent." (Emphasis added.) Because the transfer did result in parcels of less than 40 acres, it was not an "exempt split." The trial court nevertheless reached the correct conclusion that the transfer was also not a "division" and therefore did not count against the number of divisions available to the parent parcel. See MCL 560.102(d) ("Division does not include a property transfer between 2 or more adjacent parcels, if the property taken from 1 parcel is added to an adjacent parcel.").

5

was required to approve the divisions under § 109(1).  255 Mich App 474.

Defendant Grant Township now seeks leave to appeal in this Court.[5]

## II

This case concerns the proper interpretation of the LDA and the trial court's grant of summary disposition for the defendant township.  Issues of statutory interpretation are questions of law, which this Court reviews de novo. *Wood v Auto-Owners Ins Co*, 469 Mich 401, 403; 668 NW2d 353 (2003).  Our obligation in construing the provisions of the LDA is to discern the legislative intent that may reasonably be inferred from the words expressed in the statute by according those words their plain and ordinary meaning.  MCL 8.3a; *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159-160; 645 NW2d 643 (2002).

Decisions regarding summary disposition motions are also reviewed de novo.  *First Pub Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003).

## III

We conclude that under the plain language of the LDA, the division of the reconfigured Sotelo parcel resulted in

---

[5] We grant the motion of the Michigan Department of Consumer and Industry Services to file a brief amicus curiae in support of defendant's application.

6

a number of divisions to the parent parcel that exceeded the number of divisions permitted, and that plaintiffs were therefore required to comply with the LDA's platting provisions.

Under § 103(1), if a partitioning or splitting of a parcel qualifies as a "division," it "is not subject to the platting requirements of this act but subject to the requirements of sections 108 and 109." Section 108(2) exempts a certain number of divisions from the platting requirements of the act. Section 108 provides in part:

> A division is not subject to the platting requirements of this act. . . . [T]he division, *together with any previous divisions of the same parent parcel or parent tract*, shall result in a number of parcels not more than the sum of the following, as applicable:
>
> (a) For the first 10 acres or fraction thereof *in the parent parcel or parent tract*, 4 parcels. [Emphasis added.]

A "parent parcel" or "parent tract" is defined as "a parcel or tract . . . lawfully in existence on the effective date of the amendatory act that added this subdivision." MCL 560.102(i). The effective date of the 1996 amendment that added that subsection, 1996 PA 591, was March 31, 1997. Thus, under the LDA, a parent parcel that was in existence on March 31, 1997, and is less than ten acres in size, cannot be divided into more than four total parcels. MCL 560.108(2)(a).

7

On March 31, 1997, the Sotelo parent parcel was 2.35 acres and the Filut parent parcel was 7.63 acres. Accordingly, under § 108(2)(a), the two parent parcels could not be divided into more than six resulting parcels. Part of the Filut parent parcel (3.25 acres) became part of the "reconfigured" Sotelo parcel.[6] The parties correctly assume that the first transfer of property—the conveyance of the 3.25 acres from Filut to the Sotelos—was not a "division," "exempt split," or "subdivision," as those terms are defined in the LDA, because it was a transfer to an adjacent piece of property, MCL 560.102(d),(e), and (f). Therefore, it does not count as a division when evaluating Filut's subsequent four-parcel partitioning. Because Filut did not transfer to the Sotelos the right to make any of his four divisions, his subsequent four-parcel splitting was within his limit under the LDA. MCL 560.108(2)(a).

The reconfigured Sotelo parcel could not be divided into four parcels, however, because it included a portion of the original Filut parent parcel, which had already reached its maximum potential divisions. The Sotelo parent parcel, because it had not previously been divided, was not in violation of the LDA. But the Filut parent parcel, a portion of which was now part of the reconstituted Sotelo

---

[6] Under § 109(2), Filut could have transferred one or more of his division rights to the Sotelos, but he did not.

parcel, had already been divided four times.  Therefore, its further division (as part of the Sotelo reconstituted parcel) violated § 108(2)(a).  No portion of the Filut parent parcel (including the portion that was conveyed to the Sotelos) could be divided again until at least ten years expired, MCL 560.108(5)(a), without complying with the platting requirements of the LDA.  Therefore, the trial court did not err when it granted summary disposition to defendant on this basis.

In contrast, the Court of Appeals' interpretation of the LDA does not comport with the language of the act. First, the Court ignored the requirements of § 108(2). Although the panel correctly observed that a "division" is, in part, "the partitioning or splitting of a parcel or tract of land by the proprietor . . . that results in 1 or more parcels of less than 40 acres . . . ," 255 Mich App 166 quoting MCL 560.102(d), it erred in interpreting the phrase "same parent parcel or parent tract" in § 108(2)(a) as referring to the *reconfigured* Sotelo property rather than to the parent parcels that existed on March 31, 1997. Section 108(2) specifically includes "any previous divisions of the same parent parcel" in the calculation of the number of allowable divisions.  With respect to the portion of the resulting Sotelo property that came from

9

Filut, the "same parent parcel" was the Filut parent parcel.

Second, the Court of Appeals misconstrued § 102(d), which states in part that, in order to "be considered a building site," a parcel that results from a transfer between two adjacent parcels must conform to the requirements of the LDA or an applicable local ordinance. The Court of Appeals reasoned that this rule implies that the LDA allows for the development of a parcel created by transferring adjoining property if the LDA and local ordinances are satisfied. On the basis of this provision, the panel broadly concluded that the enlarged Sotelo parcel that resulted from the transfer from the adjacent Filut parcel was a proper building site and that the "parcels into which it was divided conformed to the LDA and applicable local ordinances." 255 Mich App 472. In contrast to the panel's conclusion, this portion of the statute merely states that the parcel that results from an adjacent-parcel transfer must meet minimum local regulations (i.e, for lot size), or, if there is no local government regulation, then whatever requirements are imposed under the LDA. See MCL 560.109(1)(b) and (5). It does not state that *any* transfer of property to an adjacent parcel is permissible as long as it results in buildable lots. Because the division of the reconfigured Sotelo

10

parcel resulted in a number of divisions to the parent parcel that exceeded the number of divisions permitted under § 108(a) of the LDA, plaintiffs were required to comply with the LDA's platting provisions.

IV

We hold that the circuit court properly considered the Filut and Sotelo parent parcels—as they existed on March 31, 1997—when it concluded that the four-parcel splitting of the reconfigured Sotelo parcel was required to comply with the platting provisions of the LDA. The Court of Appeals erred in reversing the trial court's grant of summary disposition for the township. Therefore, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Newaygo Circuit Court. MCL 7.302(G)(1).

> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

CAVANAGH and KELLY, JJ.

We would not dispose of this case by opinion per curiam, but would grant leave to appeal.

> Michael F. Cavanagh
> Marilyn Kelly