CITY OF EAST LANSING v DEPARTMENT OF STATE POLICE

Docket No. 262076. Submitted December 14, 2005, at Lansing. Decided December 20, 2005, at 9:25 a.m. Leave to appeal denied, 474 Mich 1130.

The city of East Lansing brought an action in the Ingham Circuit Court against the Department of State Police (MSP), the Department of Transportation (MDOT), and the State Transportation Commission (STC), seeking to enjoin the defendants from posting and enforcing new speed limits on portions of state trunk line highways in business districts and school zones within the city and to require replacement of the signs for the increased speed limits that the defendants had previously ordered. The court, Beverley Nettles-Nickerson, J., granted the injunction. The defendants appealed.

The Court of Appeals *held*:

The trial court abused its discretion when it granted the plaintiff a preliminary injunction. The STC and MDOT have jurisdiction over state highways. While a local unit of government such as the city may establish or alter the statutory default speed limits for a road within its boundaries, MCL 257.628(1) and (4) grant the STC and the director of the MSP the authority to review and, if necessary, override any speed limit that a local government establishes on any portion of a state highway. The defendants thus did not exceed their statutory authority when they issued and enforced the traffic control orders increasing the speed limit on those portions of the state highways at issue.

Reversed.

HIGHWAYS — SPEED LIMITS — STATE TRANSPORTATION COMMISSION — DEPARTMENT OF STATE POLICE — LOCAL UNITS OF GOVERNMENT.

The State Transportation Commission and the director of the Department of State Police have the authority to review and, if necessary, override any speed limit established or altered by a local unit of government on any portion of a state highway within the boundaries of the local unit of government (MCL 257.628[1], [4]).

*McGinty, Jakubiak, Hitch & Housefield, P.C.* (by *Dennis E. McGinty* and *Thomas M. Yeadon*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Patrick F. Isom* and *Kathleen A. Gleeson*, Assistant Attorneys General, for the defendants.

Before: FITZGERALD, P.J., and O'CONNELL and KELLY, JJ.

O'CONNELL, J. Defendants appeal as of right a March 24, 2005, preliminary injunction preventing them from posting and enforcing new speed limits in business districts and school zones within East Lansing and ordering them to replace the old speed limit signs. We reverse.

Plaintiff's complaint alleged that in January and February 2004, the Michigan Department of Transportation (MDOT) and the Michigan Department of State Police (MSP) executed traffic control orders increasing the speed limits on state trunk highways within East Lansing, namely Grand River Avenue and Saginaw Highway. The State Transportation Commission (STC) later ratified the MDOT and MSP changes. The trial court found that, regarding the business districts and school zones, defendants "do not have authority to change the speed limit in those areas unless the city agrees." We disagree.

The central issue on appeal is which governmental body has the ultimate authority to set speed limits on state trunk line highways within the city's business districts and school zones. Resolution of this question turns on an interpretation of the Michigan Constitution and relevant statutes. Issues of statutory interpretation

are reviewed do novo. *Sotelo v Grant Twp*, 470 Mich 95, 100; 680 NW2d 381 (2004). A trial court's decision to grant a preliminary injunction is reviewed for an abuse of discretion, *Alliance for the Mentally Ill of Michigan v Dep't of Community Health*, 231 Mich App 647, 661; 588 NW2d 133 (1998), but an abuse of discretion may arise from a court's misunderstanding of the controlling legal principles. *Bynum v ESAB Group, Inc*, 467 Mich 280, 283; 651 NW2d 383 (2002).

Plaintiff correctly argues that the Michigan Constitution confers on it the right "to the reasonable control" of the roads within its boundaries, "[e]xcept as otherwise provided . . . ." Const 1963, art 7, § 29. However, the Michigan Constitution also established the STC, and we have held that "[u]nder the Michigan Constitution, the State Transportation Commission and the state Department of Transportation have jurisdiction over state highways." *Lain v Beach*, 177 Mich App 578, 582; 442 NW2d 650 (1989), citing Const 1963, art 5, § 28, and *Bennett v City of Lansing*, 52 Mich App 289, 294; 217 NW2d 54 (1974). It is undisputed that the stretches of road at issue are sections of state trunk line highways, so we may safely presume that the STC and MDOT have plenary jurisdiction over them.

Nevertheless, plaintiff argues that MCL 257.627a(4) provides that local authorities "may increase or decrease the prima facie speed limit within a school zone under their jurisdiction pursuant to section 629." Plaintiff argues that this authority expressly includes school zones along state trunk line highways because MCL 257.629(1)(d) states: "Before a local authority increases or decreases the prima facie speed limit on a state trunk line highway within a school zone, the local authority shall confer with the state transportation department . . . ." Plaintiff similarly argues that MCL

257.629(2) only grants express permission to the STC to establish speed limits on portions of highway that fall outside business districts and school zones, and then only if the STC complies with additional notice provisions.

Although plaintiff's arguments have surface allure,[1] they fail to account for the STC's ultimate authority over the highways and the Legislature's recognition of that authority in MCL 257.628(1) and (4). In the first of those provisions, the STC and the director of the MSP are provided with joint authority to determine the speed limits on any highway under the STC's jurisdiction, if the STC and the director of the MSP "jointly determine" that the change is proper. MCL 257.628(1). In the second, MCL 257.628(4), the STC and director of the MSP are unquestionably granted authority to override a speed-limit decision by a local authority and order the posting of a speed limit. Therefore, although plaintiff may establish or alter the default speed limits set forth in MCL 257.627 and MCL 257.627a for a road within its boundaries, the Legislature has granted the STC and the director of the MSP the authority to review and, if necessary, override any speed limit that a local government establishes on any portion of a state

---

[1] It is clear that the Legislature treats business districts and school zones differently than other sections of highway, but it is not clear that the Legislature intended to transfer exclusive control of speed limits in these sections to local governments in these areas. If anything, local governments are more restricted in their ability to establish new, higher speed limits in school zones, MCL 257.629(1)(d), so plaintiff's reasoning just as easily leads to the conclusion that the Legislature intended the state to maintain tighter control over speed limits in school zones. The resulting dilemma (who has exclusive jurisdiction to set the speed and to fill the invented void) is precisely why we discern legislative intent by applying the language contained in the statute rather than guessing at what the Legislature left out. *AFSCME v Detroit*, 468 Mich 388, 412; 662 NW2d 695 (2003).

highway. MCL 257.628(1) and (4). It follows that defendants did not exceed their statutory authority when they issued and enforced the controversial traffic control orders, and the trial court abused its discretion when it granted plaintiff a preliminary injunction.[2]

Reversed.

---

[2] We note that plaintiff fails to allege any administrative procedural violation in the promulgation of the traffic control orders, so we suggest that the trial court consider dismissing the case.